IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRCT OF ILLINOIS
EASTERN DIVISION

PSN ILLINOIS, LLC, )
an Illinois corporation, )
)
Plaintiff, )
)
)
vs. )
) Case No. 07-7190
Abcam, Inc.; Abgent, Inc.; )
Affinity Bioreagents, Inc.; )
Discoverx Corporation; )
Exalpha Biologicals, Inc.; )
Genetex, Inc.; LifeSpan Biosciences, Inc.; )
Multispan, Inc.; and )
Novus Biologicals, Inc. )
)
Defendants. )

### STIPULATED PROTECTIVE ORDER

Upon motion of the parties PSN Illinois, LLC, for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that:

1. All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information," as used herein, means any information that constitutes a trade secret or other confidential research, development, or commercial information, including information as defined by Fed.R.Civ.P. 26(c)(7), which is designated as "Confidential" or "Confidential - Attorneys' Eyes Only" by any of the supplying or receiving parties, whether it be a document, information contained

a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. Designated documents shall be handled in accordance with Paragraph 9 below. In designating information as "Confidential" or "Confidential - Attorneys' Eyes Only", a party will make such designation only as to that information that it in good faith believes contains Classified Information. Information or material that is available to the public, including catalogues, advertising materials, and the like shall not be considered Classified Information. Designation of materials as "Confidential" or "Confidential - Attorneys' Eyes Only" shall be made in accordance with Paragraph 18 of this Order.

3. "Qualified Persons," as used herein, means:

   a. Attorneys of record for the parties in this litigation, employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation, and independent copy services, printers or illustrators retained by such attorneys for purposes of this litigation;

   b. Actual or potential independent experts or consultants (which shall not include the current employees, officers, members and/or agents of parties and affiliates of parties), who have been designated in writing by notice to all counsel and who have been approved by all parties in accordance with Paragraph 16 below prior to any disclosure of "Confidential" or "Confidential - Attorneys' Eyes Only" information to such person, and who have agreed to be bound by the terms of this protective order by executing the undertaking attached hereto as Exhibit A (such signed undertaking to be served on all counsel of record by the attorney retaining such person);

   c. Non-testifying independent experts or consultants (which shall not include the current

current employees, officers, members and/or agents of parties and affiliates of parties, and actual or potential experts or consultants under subparagraph "b" *supra*), who have agreed to be bound by the terms of this protective order by executing the undertaking attached hereto as Exhibit A. Such signed undertaking shall be kept by retaining counsel while the litigation is pending, and will be served on all counsel of record by the attorney retaining such person within thirty-one (31) days after the date the retaining party settles all claims in the litigation, or the date of entry of the final order in the litigation, whichever is earlier;

d. Up to two (2) party representatives who shall be designated in writing by the party and who have been approved by all parties in accordance with Paragraph 16 below prior to any disclosure of "Confidential" information to such person, and who shall sign a document agreeing to be bound by the terms of this protective order (such signed document to be served on all counsel of record by the party designating such person); and

e. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

4. Documents produced in this action may be designated by any party or non-parties as "Confidential" or "Confidential - Attorneys' Eyes Only" information by marking each page of the document(s) with the designation of "Confidential" or "Confidential - Attorneys' Eyes Only".

5. In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals from which said copies have directly been made shall be preserved for inspection.

6. The disclosing party shall have the right to exclude from attendance at depositions, during

3

during such time as its Confidential Information is to be disclosed, any person other than the deponent, counsel (including counsel's staff), the court reporter, and person(s) to whom disclosure is permitted under this Order. In addition to information and documents disclosed prior to a deposition, information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party), may be designated by any party as "Confidential" or "Confidential - Attorneys' Eyes Only" information by indicating on the record at the deposition that the testimony is "Confidential" or "Confidential - Attorneys' Eyes Only" and is subject to the provisions of this Order. Such a designation shall expire after thirty (30) days from receipt of the transcript unless the conditions of Paragraph 7 have been met. Any documents designated as "Confidential" or "Confidential - Attorneys' Eyes Only" prior to the deposition shall remain as marked without the need for a further designation after the deposition.

7. Any party may also designate information disclosed at such deposition as "Confidential" or "Confidential - Attorneys' Eyes Only" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Confidential - Attorneys' Eyes Only" thereafter. The designating party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control and provide such a copy of the notice to the other party. All deposition transcripts shall be treated as "Confidential - Attorneys' Eyes Only" for a period of thirty (30) days after the receipt of the transcript.

8. To the extent possible, the court reporter shall identify portions of the transcript that are designated as "Confidential" or "Confidential - Attorneys' Eyes Only" during the relevant deposition or

deposition or other proceeding.

9. "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Disclosure of information designated as "Confidential - Attorneys' Eyes Only" shall be restricted to Qualified Persons described in Paragraphs 3(a)-(c) above.

10. Copies of "Confidential - Attorneys' Eyes Only" information provided to a receiving party shall be maintained only by Qualified Persons as defined in Paragraph 3(a)-(c) above who are approved in accordance with Paragraph 16 below. Copies of documents produced under this Protective Order may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purposes of this litigation.

11. Documents unintentionally produced without designation as "Confidential" or "Confidential – Attorneys' Eyes Only" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

12. Documents to be inspected shall be treated as "Confidential - Attorneys' Eyes Only" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "Confidential - Attorneys' Eyes Only", as may be applicable, by the producing party.

13. Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" or "Confidential - Attorneys' Eyes Only" consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Confidential - Attorneys' Eyes Only" information in the examination or cross-examination of any person who is indicated on the

indicated on the document as being an author, source or recipient of the "Confidential" or "Confidential - Attorneys' Eyes Only" information, irrespective of which party produced such information. With respect to documents designated as containing Confidential Information, any person indicated on the face of the document to be its originator, author, or recipient of a copy thereof, may be shown the same at any time.

14. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Confidential - Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

15. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as "Confidential" or "Confidential - Attorneys' Eyes Only", or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis.

16. If the dispute over a designation of any information as "Confidential" or "Confidential - Attorneys' Eyes Only", or the designation of any person as a Qualified Person cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "Confidential - Attorneys' Eyes Only" or the person as a Qualified Person.

17. The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item. If the party designating the information as Classified Information timely makes the motion, the information shall be treated in the manner designated until such time as the Court rules on the motion. At this time, the court will engage in an appropriate balancing of the interests between privacy and public access in order to make a new

privacy and public access in order to make a new determination of good cause in light of the facts before this court. *Jepson, Inc. v. Makita Elect. Works, Ltd.*, 30 F.3d 854, 859 (7th Cir. 1994).

18. At least five (5) business days prior to the disclosure of any Classified Information to a newly proposed expert, consultant or party representatives to be named as a Qualified Person, the disclosing party shall give written notice thereof to the other parties. The party identifying an expert or consultant for approval as a Qualified Person shall provide all other parties with a current resume or *curriculum vitae* of that person, including a description of past and present employers, and persons and legal entities with whom he or she has engaged in any consulting relationship within the last five years. Within five (5) business days of the disclosure of any person for approval as a Qualified Person under Paragraph 3, or at such time as the parties thereafter agree, the other parties may object to the designation of that person. Failure to object within five (5) business days shall be deemed approval, but shall not preclude objections to continued access to classified information where facts suggesting a basis for such an objection are subsequently learned. If an objection is raised, the parties shall, within five (5) business days from the date of the receipt of any notice of objection, confer and attempt to resolve the dispute. If the parties cannot resolve the dispute, the objecting party may move the Court within two business days after the conference for an order that access to information be denied to the designated person. That person shall not be a Qualified Person before the Court rules on the motion.

19. The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

20. Nothing shall be designated as "Confidential - Attorneys' Eyes Only" information except information of the most sensitive nature, such as information that constitutes a trade secret or other confidential research, development, or commercial information, including information as defined by

defined by Fed.R.Civ.P. 26(c)(7), which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "Confidential - Attorneys' Eyes Only" information if it is information that either:

    a. is in the public domain at the time of disclosure, as evidenced by a written document;

    b. becomes part of the public domain through no fault of the other party, as evidenced by a written document;

    c. a receiving party who is also a party opposing the designating party (*e.g.*, the receiving party is a plaintiff and the designating party is a defendant or vice versa) can show by written document that the information was in the rightful and lawful possession of any party who is also a party opposing the designating party at the time of disclosure; or

    d. the receiving party who is also a party opposing the designating party (*e.g.*, the receiving party is a plaintiff and the designating party is a defendant or vice versa) or any other party who is also a party opposing the designating party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party or such other party who is also a party opposing the designating party.

21. In the event a party wishes to use any "Confidential" or "Confidential - Attorneys' Eyes Only" information in any document filed in Court in this case, the party shall file such document in

document in accordance with Local Rule 5.8. No filing under seal, or any other designation as a restricted document, is permitted without previously-obtained court approval, per *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999). Such document shall be accompanied by a cover sheet which shall include the following: (a) the caption of the case, including the case number; (b) the title "Restricted Document Pursuant to LR26.2"; (c) a statement indicating that the document is filed as restricted in accordance with this protective order and the entry date of this protective order; and (d) the signature of the attorney of record or unrepresented party filing the document.

22. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information, including depositions, shall be subject to the provisions of this Order. The use of Classified Information in any proceeding before this Court shall be subject to such further order as this Court deems appropriate.

23. The confidentiality provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction to enforce the terms of this Order. Within one-hundred twenty (120) days after conclusion of this litigation and any appeal thereof, the party in possession of documents containing Classified Information of another party has the option of destroying such documents or returning such documents to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial without restrictions ordered by the Court to preserve its status as Classified Information. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced hereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the

filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

24. This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "Confidential - Attorneys' Eyes Only" information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "Confidential - Attorneys' Eyes Only" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

25. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order.

26. Whenever any party is requested to disclose Classified Information to persons or entities not authorized by this Order to have access to the same, the party so requested shall, as soon as reasonably practicable but in no event later than fourteen (14) days after receipt of the request, notify (a) every party, and (b) every non-party who requested that the documents or testimony requested be designated "Classified Information" of the existence and terms of such request. The Classified Information shall not be disclosed absent further order of this Court.

27. In accordance with Local LR 26.2(g), the Clerk is authorized to turn over restricted documents filed in this case under seal pursuant to this protective order at the request of any of the parties. Such request must be made within 63 days following the final disposition of this case, including appeals.

28. Any non-party producing documents or providing other information in connection with this litigation shall have access to the terms of this Order in producing such documents or providing such

providing such information. Any such non-party may designate its documents or other information as "Confidential" or "Confidential – Attorneys' Eyes Only" as specified in paragraph 4 of this Order, subject to the other provisions of this protective order. Non-parties shall not be entitled to request confidential documents from the Clerk of the Court as provided in paragraph 25.

29. Any non-party who produced documents or information in connection with this litigation may obtain the protection provided by this Protective Order by designating the documents or information in accordance with the terms of this Protective Order and by acknowledging in writing to be bound by its terms.

30. To the extent other entities become a party to this suit, those entities may only access information and documents designated as "Confidential" or "For Counsel Only" after adopting the current Protective Order by filing a "Notice of Adoption of Protective Order" with this Court. Documents, and copies of documents, designated as "Confidential" or "For Counsel Only," shall not be taken outside the United States unless done so through stipulation of the parties, or by order of this Court.

31. The parties agree that this Order is necessary in order to comply with *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).

32. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

    a. operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or

    b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

11

   c. prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced; or

   d. prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate;

   e. prevent a party from giving or receiving legal advice about the case within the confines of the attorney-client relationship.

SIGNED AND ENTERED this 6th day of MARCH, 2008.

_____
The Honorable William J. Hibbler
UNITED STATES DISTRICT JUDGE

AGREED TO AND CONSENTED TO BY:

Dated: February 11, 2008

*[signature]*
Michael P. Mazza (IL Bar No. 6201609)
Dana L. Drexler (IL Bar No. 6291515)
Michael P. Mazza, LLC
686 Crescent Blvd.,
Glen Ellyn, IL 60139
P: 630-858-5071
E-mail: mazza@mazzallc.com

Shawn M. Collins (IL Bar No. 6195107)
Robert Dawidiuk (IL Bar. No. 6282717)
The Collins Law Firm
1770 N. Park Street, Suite 200
Naperville, IL 60563
P: 630-527-1595
E-mail: smc@collinslaw.com

**Attorneys for Plaintiff PSN Illinois, LLC**

Dated: February 11, 2008

*[signature]*
Timothy M. McCarthy
Trexler, Bushnell, Giangiorgi, Blackstone & Marr Ltd.
105 W. Adams, 36th Floor
Chicago, Illinois 60603
P: 312-704-1890
E-mail: TMcCarthy@trexlaw.com

**Attorney for Defendant LifeSpan Biosciences, Inc.**

AGREED TO AND CONSENTED TO BY:

Dated: February 20, 2008

Michael P. Mazza (IL Bar No. 6201609)
Dana L. Drexler (IL Bar No. 6291515)
Michael P. Mazza, LLC
686 Crescent Blvd.,
Glen Ellyn, IL 60139
P: 630-858-5071
E-mail: mazza@mazzallc.com

Shawn M. Collins (IL Bar No. 6195107)
Robert Dawidiuk (IL Bar. No. 6282717)
The Collins Law Firm
1770 N. Park Street, Suite 200
Naperville, IL 60563
P: 630-527-1595
E-mail: smc@collinslaw.com

**Attorneys for Plaintiff PSN Illinois, LLC**

Dated: February 20, 2008

Thomas F. Poche
Cooley Godward Kronish LLP
777 6th Street NW, Suite 1100
Washington, DC 20001
Direct: 202/842-7839
Fax: 202/842-7899

**Attorneys for Defendant DiscoveRx, Inc.**

13A

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that he/she received a copy of the Stipulated Protective Order entered in the action titled PSN ILLINOIS, LLC v. ABCAM, INC.; ABGENT, INC., AFFINITY BIOREAGENTS, INC., DISCOVERX CORPORATION, EXALPHA BIOLOGICALS, INC., GENETEX, INC.; LIFESPAN BIOSCIENCES, INC., MULTISPAN, INC., AND NOVUS BIOLOGICALS, INC., Case No. 07-7190, pending in the United States District Court for the Northern District of Illinois (Eastern Division), has read same and agrees: (1) to be bound by all of the provisions thereof; and (2) to submit to the jurisdiction of the United States District Court for the Northern District of Illinois (Eastern Division) for matters relating to this action.

Date:_____      _____
                                  [Name of individual to whom disclosure will be made]