## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

PSN ILLINOIS, LLC, an Illinois corporation,   )
                                      )
                plaintiff,       )
                                        )    Case No. 07 CV 7190
   v.                                   )
                                        )    Judge William J. Hibbler
ABCAM, INC. *et al.*,                )
                                        )    Magistrate Judge Valdez
                defendants.     )

### ANSWER OF THE DEFENDANT, LIFESPAN BIOSCIENCES, INC.

The defendant, LifeSpan BioSciences, Inc., by its undersigned attorney, for its answer to the Complaint, states:

1.      Plaintiff, PSN ILLINOIS, LLC. ("PSN"), complains of defendants Abcam, Inc.; Abgent; Affinity Bioreagents, Inc.; Exalpha Biologicals, Inc.; Genetex, Inc.; LifeSpan Biosciences, Inc.; Multispan, Inc.; and Novus Biologicals, Inc. ("Defendants") as follows:

**Answer:** No answer is required to this statement.

### NATURE OF LAWSUIT

2.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**Answer:** LifeSpan admits the allegations in this Paragraph.

### THE PARTIES

3.      PSN is an Illinois corporation with a place of business at 280 W. Adams Street, Chicago, Illinois 60604. PSN is the assignee of, and owns all rights, title and interest in and to,

Case No. 07 C 7190
Answer of the defendant, LifeSpan BioSciences, Inc.
Page 2 of 13

and has standing to sue for past, present and future infringement of: United States Patent No. 5,856,443, entitled "Molecular Cloning And Expression of G-Protein Coupled Receptors," issued on Jan. 5, 1999 ("the '443 patent") (Exhibit A); and United States Patent No. 6,518,414B1, entitled "Molecular Cloning And Expression of G-Protein Coupled Receptors," issued on Feb. 11, 2003 ("the '414 patent") (Exhibit B) (collectively "PSN's Patents").

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations concerning assignment, ownership, and standing in this Paragraph. LifeSpan admits the allegations concerning the number, title, and issue dates of PSN's patents.

4.    Defendant Abcam, Inc. (Abcam) is a company incorporated in Massachusetts with a principal place of business at 1 Kendall Square, Bldg. 200, Suite 341, Cambridge, Massachusetts, 02139-1517. Abcam transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

5.    Defendant Abgent, Inc. (Abgent) is a company incorporated in California company with a principal place of business at 6310 Nancy Ridge Drive, Suite 106, San Diego, California 92121. Abgent transacts business and has sold to customers, and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

6.    Defendant Affinity Bioreagents, Inc. (Affinity) is a company incorporated in New Jersey with a principal place of business at 4620 Technology Drive, Suite 600, Golden, Colorado 80403.  Affinity transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

7.    Defendant Discoverx Corporation (Discoverx) is a company incorporated in Delaware with a principal place of business at 42501 Albrae Street, Suite 100, Fremont, California 94538.  Discoverx transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

8.    Defendant Exalpha Biologicals, Inc. (Exalpha) is a company incorporated in Massachusetts with a principal place of business at 5 Clock Tower Place, Suite 255, Maynard, Massachusetts 01754.  Exalpha transacts business and has sold to customers, and/or offered for sale,  in this judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below.

Case No. 07 C 7190
Answer of the defendant, LifeSpan BioSciences, Inc.
Page 4 of 13

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

9.   Defendant Genetex, Inc. (Genetex) has a principal place of business at 14785 Omicron Drive, Suite 101, San Antonio, Texas 78245. Genetex transacts business and has sold to customers, and/or offered for sale, in this judicial district, products and services that infringe claims of PSN's Patents.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

10.   Defendant LifeSpan Biosciences, Inc. (LifeSpan) is a company incorporated in Washington with a principal place of business at 2401 Fourth Avenue, Suite 900, Seattle, Washington 98121-3458. LifeSpan transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below.

**Answer:** LifeSpan admits that it is a company incorporated in the State of Washington with a principal place of business at 2401 Fourth Avenue, Suite 900, Seattle, Washington 98121-3458. LifeSpan denies the remainder of the allegations in this Paragraph.

11.   Defendant Multispan, Inc. (Multispan) is a company incorporated in Delaware with a principal place of business at 26219 Eden Landing Road, Hayward, California 94545-3718. Multispan transacts business and has sold to customers and/or offered for sale, in this

judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

12.     Defendant Novus Biologicals, Inc. (Novus) is a company incorporated in Delaware with a principal place of business at 8100 Southpark Way, Suite A-8, Littleton, Colorado 80120. Novus transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

## JURISDICTION AND VENUE

13.     This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

Answer: LifeSpan admits that this Court has exclusive subject matter jurisdiction of this patent infringement suit but denies that this Court has personal jurisdiction over LifeSpan.

14.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).

Answer: LifeSpan denies the allegations in this paragraph.

Case No. 07 C 7190
Answer of the defendant, LifeSpan BioSciences, Inc.
Page 6 of 13

## THE DEFENDANTS' ACTS OF PATENT INFRINGEMENT

15.    Defendant Abcam has infringed claims of at least the '443 and '414 patents through, among other activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $_p{}^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including the following products:

  i.      S1P2 antibody (Catalog # ab13128)

  ii.     S1P2 antibody (Catalog # ab13127)

  ii.     S1P2 antibody (Catalog # ab13395)

  iv.     S1P2 antibody (Catalog # ab38321)

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

16.    Defendant Abgent has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $_p{}^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including the following products:

  i.      S1P2 purified rabbit polyclonal antibody (Catalog # AP6141a)

  ii.     S1P2 antibody (N-term) blocking peptide (Catalog # BP6141a)

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

17.    Defendant Affinity has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of

products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $_P{}^{H218}$

("S1P2") that fall within the scope of claims of these patents, including the following products:

      i.     S1P2 antibody (Catalog # PA1-23523)

      ii.    S1P2 antibody (Catalog # PA1-20777)

     iii.   S1P2 antibody (Catalog # PA1-20633)

     iv.   S1P2 antibody (Catalog # PA1-20634)

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

18.    Defendant Discoverx has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and/or services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $_P{}^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including the following: a S1P2-expressing cell line (PathHunter™ CHO-K1 EDG5 ); and services involving the B-arrestin assays and the S1P2-expressing cell line, including a screening platform for monitoring GPCR protein activation following ligand stimulation, which makes use of the S1P2 receptor.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

19.    Defendant Exalpha has infringed claims of at least the '443 and '414 patents through, among other activities, the manufacture, use, offer for sale, sale, and/or distribution of products and service utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $_P{}^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including these products:

Case No. 07 C 7190
Answer of the defendant, LifeSpan BioSciences, Inc.
Page 8 of 13

      i.       Polyclonal antibody (Catalog # X1591P)

      ii.     Polyclonal antibody (Catalog # X10911P)

      iii.    Monoclonal antibody (Catalog # C190M)

      iv.    Membrane preparation of the S1P2 protein (Catalog # X1572MP)

      v.     Control Lysate for the S1P2 protein (Catalog # X1486C)

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

20.    Defendant Genetex has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and service utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including these products:

      i.       S1P2 antibody (Catalog # GTX71095)

      ii.     S1P2 antibody (Catalog # GTX70493)

      iii.    S1P2 antibody (Catalog # GTX70495)

      iv.    S1P2 antibody (Catalog # GTX13127)

      v.     S1P2 antibody (Catalog # GTX13128)

      vi.    S1P2 antibody (Catalog # GTX13395)

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

21.    Defendant LifeSpan has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of

Case No. 07 C 7190
Answer of the defendant, LifeSpan BioSciences, Inc.
Page 9 of 13

products and service utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka p$^{H218}$

("S1P2") that fall within the scope of claims of these patents, including these products:

   i.    Mouse Anti-Human S1P2 Monoclonal Antibody (Catalog # LS-C6741)

   ii.    Rabbit  Anti-Human S1P2 Polyclonal Antibody (Catalog # LS-C6742)

   iii.    Endothelial Differentiation Gene 5 (EDG5) (S1P2) Rabbit anti-Human
          Polyclonal Antibody (Catalog # LS-C3039)

   iv.    Rabbit  Anti-Human S1P2 Polyclonal Antibody (Catalog # LS-C10319)

   v.    S1P2 Rabbit Anti-Human Polyclonal Antibody (Catalog # LS-A1018)

   vi.    S1P2 Rabbit Anti-Human Polyclonal Antibody (Catalog #LS-A1019)

   vii.    S1P2  Rabbit Anti-Human Polyclonal Antibody (Catalog # LS-A1021)

   viii.    S1P2 Peptide (Catalog # LS-P1018)

   ix.    S1P2 Peptide (Catalog # LS-P1019)

   x.    S1P2 Peptide (Catalog # LS-P1021)

   xi.    Protein localization data library that includes the Gene Report and the
          Drug Target Database, the Immunohistochemistry Report Features and the
          Expression Focused Informatics about S1P2

   **Answer:**  LifeSpan denies the allegations in this Paragraph.


22.    Defendant Multispan has infringed claims of at least the '443 and '414 patents

through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of

products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka p$^{H218}$

("S1P2") that fall within the scope of claims of these patents, including at least the following

products: Multiscreen™ Stable Cell Line Human Recombinant S1P2 (Catalog # CG1051-1).

   **Answer:**  LifeSpan does not have knowledge or information sufficient to form a belief as

to the truth of the allegations in this Paragraph.

23.     Defendant Novus has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including at least the following products: S1P2 antibodies corresponding to Novus Catalog Numbers NLS1021, and H00009294-R02.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

24.     The defendants' infringement, contributory infringement and inducement to infringe have injured and will continue to injure PSN unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, offer for sale, sale and/or distribution of products and/or processes that fall within the scope of PSN's Patents.  Further, as to at least defendants LifeSpan and Exalpha, the infringement has been willful and deliberate.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as those allegations apply to other defendants. LifeSpan denies the allegations in this Paragraph to the extent the allegations are directed at LifeSpan.

WHEREFORE, LifeSpan denies that PSN is entitled to judgment.

### FIRST DEFENSE

LifeSpan, for its first Defense, states that this Court lacks personal jurisdiction over LifeSpan.

### SECOND DEFENSE

LifeSpan, for its second Defense, states that venue is improper in this Court.

### FIRST AFFIRMATIVE DEFENSE

LifeSpan, for its first Affirmative Defense, states that it does not and has not infringed any claim of PSN's patents, literally or by equivalents, directly or indirectly, or in any other manner.

### SECOND AFFIRMATIVE DEFENSE

LifeSpan, for its second Affirmative Defense, states that, should it be found to infringe one or more claims of PSN's patents, such infringement was not willful or deliberate.

WHEREFORE, LifeSpan denies that PSN Illinois is entitled to judgment.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, LifeSpan demands a trial by jury of all issues triable of right by a jury in this matter.

Case No. 07 C 7190
Answer of the defendant, LifeSpan BioSciences, Inc.
Page 12 of 13

Respectfully submitted,
LIFESPAN BIOSCIENCES, INC.

Date: March 31, 2008

By _____
            One of its Attorneys

Timothy M. McCarthy
TREXLER, BUSHNELL, GIANGIORGI,
    BLACKSTONE & MARR, LTD.
105 W. Adams, 36th Floor
Chicago, Illinois 60603
Tel: (312) 704-1890
Fax: (312) 704-8023

9Y0961.DOC

Case No. 07 C 7190
Answer of the defendant, LifeSpan BioSciences, Inc.
Page 13 of 13

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing ANSWER has been served on the following counsel, by email and by United States mail, on March 31, 2008.

Michael P. Mazza
Dana L. Drexler
MICHAEL P. MAZZA, LLC
686 Crescent Blvd.
Glen Ellyn, IL  60139

Shawn M. Collins
Robert Dawidiuk
THE COLLINS LAW FIRM
1770 N. Park Street, Suite 200
Naperville, IL  60563

Date:  March 31, 2008

By _____
Timothy M. McCarthy

9Y0961.DOC