**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PSN ILLINOIS, LLC, an Illinois corporation,    )
    )
    plaintiff,    )
    )    Case No. 07 CV 7190
    v.    )
    )    Judge William J. Hibbler
ABCAM, INC. *et al.*,    )
    )    Magistrate Judge Valdex
    defendants.    )

**UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED PLEADINGS**

The defendant, LifeSpan BioSciences, Inc., by its undersigned attorney, moves this Court for leave to file amended pleadings, and in support thereof states:

1.    This matter is a patent infringement lawsuit. A case management order was entered on April 16, 2008.

2.    The case management order requires the parties to amend pleadings by May 1, 2008. This Motion is filed prior to that date. On accordance with the Court's case management procedures (Motions and Protective Orders, Paragraph 1-D), LifeSpan will present this Motion on May 8, 2008, the previously-scheduled date for a status conference in this matter.

3.    LifeSpan's proposed Amended Answer and Amended Counterclaim are attached as Exhibits A and B.

4.    No discovery has yet proceeded in this case and, by case management order, the parties may not commence discovery until May 1, 2008. Since LifeSpan's amended pleadings are submitted prior to this date, these amended pleadings will not delay this case nor prejudice any party.

LifeSpan's Motion for Leave to File Amended Pleadings
Case No. 07 CV 7190
Page 3 of 3

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **UNOPPOSED MOTION FOR AN INITIAL EXTENSION OF TIME TO ANSWER OR PLEAD** and **NOTICE OF PRESENTMENT** has been served on the following counsel, by email and by telefacsimile, on April 29, 2008.

Michael P. Mazza
Dana L. Drexler
MICHAEL P. MAZZA, LLC
686 Crescent Blvd.
Glen Ellyn, IL 60139

Shawn M. Collins
Robert Dawidiuk
THE COLLINS LAW FIRM
1770 N. Park Street, Suite 200
Naperville, IL 60563
**Attorneys for Plaintiff PSN Illinois, LLC**

Steven D. Pearson
Mitchell J. Edlund
MECKLER BULGER & TILSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
**Attorneys for Defendant Multispan, Inc.**

Thomas F. Poche
COOLEY, GODWARD, Kronish LLP
777 6th Street NW
Suite 1100
Washington, DC 20001
**Attorney for Defendant Discoverx Corporation**

Date: April 29, 2008

By: _____
        Timothy M. McCarthy

9Z1918.DOC

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PSN ILLINOIS, LLC, an Illinois corporation,   )
                                              )
                        plaintiff,            )
                                              )    Case No. 07 CV 7190
        v.                                    )
                                              )    Judge William J. Hibbler
ABCAM, INC. *et al.*,                         )
                                              )    Magistrate Judge Valdez
                        defendants.           )

**AMENDED ANSWER OF THE DEFENDANT, LIFESPAN BIOSCIENCES, INC.**

The defendant, LifeSpan BioSciences, Inc., by its undersigned attorney, for its answer to the Complaint, states:

1.    Plaintiff, PSN ILLINOIS, LLC. ("PSN"), complains of defendants Abcam, Inc.; Abgent; Affinity Bioreagents, Inc.; Exalpha Biologicals, Inc.; Genetex, Inc.; LifeSpan Biosciences, Inc.; Multispan, Inc.; and Novus Biologicals, Inc. ("Defendants") as follows:

**Answer:**  No answer is required to this statement.

**NATURE OF LAWSUIT**

2.    This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**Answer:**  LifeSpan admits the allegations in this Paragraph.

**THE PARTIES**

3.    PSN is an Illinois corporation with a place of business at 280 W. Adams Street, Chicago, Illinois 60604.  PSN is the assignee of, and owns all rights, title and interest in and to,

Case No. 07 C 7190
Answer of the defendant, LifeSpan BioSciences, Inc.
Page 2 of 13

and has standing to sue for past, present and future infringement of: United States Patent No. 5,856,443, entitled "Molecular Cloning And Expression of G-Protein Coupled Receptors," issued on Jan. 5, 1999 ("the '443 patent") (Exhibit A); and United States Patent No. 6,518,414B1, entitled "Molecular Cloning And Expression of G-Protein Coupled Receptors," issued on Feb. 11, 2003 ("the '414 patent") (Exhibit B) (collectively "PSN's Patents").

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations concerning assignment, ownership, and standing in this Paragraph. LifeSpan admits the allegations concerning the number, title, and issue dates of PSN's patents.

4.    Defendant Abcam, Inc. (Abcam) is a company incorporated in Massachusetts with a principal place of business at 1 Kendall Square, Bldg. 200, Suite 341, Cambridge, Massachusetts, 02139-1517. Abcam transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

5.    Defendant Abgent, Inc. (Abgent) is a company incorporated in California company with a principal place of business at 6310 Nancy Ridge Drive, Suite 106, San Diego, California 92121. Abgent transacts business and has sold to customers, and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below.

Case No. 07 C 7190
Answer of the defendant, LifeSpan BioSciences, Inc.
Page 3 of 13

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

6.    Defendant Affinity Bioreagents, Inc. (Affinity) is a company incorporated in New Jersey with a principal place of business at 4620 Technology Drive, Suite 600, Golden, Colorado 80403.  Affinity transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

7.    Defendant Discoverx Corporation (Discoverx) is a company incorporated in Delaware with a principal place of business at 42501 Albrae Street, Suite 100, Fremont, California 94538.  Discoverx transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

8.    Defendant Exalpha Biologicals, Inc. (Exalpha) is a company incorporated in Massachusetts with a principal place of business at 5 Clock Tower Place, Suite 255, Maynard, Massachusetts 01754.  Exalpha transacts business and has sold to customers, and/or offered for sale,  in this judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

9.     Defendant Genetex, Inc. (Genetex) has a principal place of business at 14785 Omicron Drive, Suite 101, San Antonio, Texas 78245.  Genetex transacts business and has sold to customers, and/or offered for sale, in this judicial district, products and services that infringe claims of PSN's Patents.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

10.     Defendant LifeSpan Biosciences, Inc. (LifeSpan) is a company incorporated in Washington with a principal place of business at 2401 Fourth Avenue, Suite 900, Seattle, Washington 98121-3458.  LifeSpan transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below.

**Answer:** LifeSpan admits that it is a company incorporated in the State of Washington with a principal place of business at 2401 Fourth Avenue, Suite 900, Seattle, Washington 98121-3458. LifeSpan denies the remainder of the allegations in this Paragraph.

11.     Defendant Multispan, Inc. (Multispan) is a company incorporated in Delaware with a principal place of business at 26219 Eden Landing Road, Hayward, California 94545-3718.  Multispan transacts business and has sold to customers and/or offered for sale, in this

judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

12.    Defendant Novus Biologicals, Inc. (Novus) is a company incorporated in Delaware with a principal place of business at 8100 Southpark Way, Suite A-8, Littleton, Colorado 80120. Novus transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

## JURISDICTION AND VENUE

13.    This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

Answer:  LifeSpan admits that this Court has exclusive subject matter jurisdiction of this patent infringement suit but denies that this Court has personal jurisdiction over LifeSpan.

14.    Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).

Answer:  LifeSpan denies the allegations in this paragraph.

Case No. 07 C 7190
Answer of the defendant, LifeSpan BioSciences, Inc.
Page 6 of 13

## THE DEFENDANTS' ACTS OF PATENT INFRINGEMENT

15.   Defendant Abcam has infringed claims of at least the '443 and '414 patents through, among other activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $_P{}^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including the following products:

      i.      S1P2 antibody (Catalog # ab13128)

      ii.     S1P2 antibody (Catalog # ab13127)

      ii.     S1P2 antibody (Catalog # ab13395)

      iv.    S1P2 antibody (Catalog # ab38321)

**Answer:**  LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

16.   Defendant Abgent has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $_P{}^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including the following products:

      i.      S1P2 purified rabbit polyclonal antibody (Catalog # AP6141a)

      ii.     S1P2 antibody (N-term) blocking peptide (Catalog # BP6141a)

**Answer:**  LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

17.   Defendant Affinity has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of

Case No. 07 C 7190
Answer of the defendant, LifeSpan BioSciences, Inc.
Page 7 of 13

products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including the following products:

    i.    S1P2 antibody (Catalog # PA1-23523)

    ii.    S1P2 antibody (Catalog # PA1-20777)

    iii.    S1P2 antibody (Catalog # PA1-20633)

    iv.    S1P2 antibody (Catalog # PA1-20634)

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

18.    Defendant Discoverx has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and/or services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including the following: a S1P2-expressing cell line (PathHunter™ CHO-K1 EDG5 ); and services involving the B-arrestin assays and the S1P2-expressing cell line, including a screening platform for monitoring GPCR protein activation following ligand stimulation, which makes use of the S1P2 receptor.

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

19.    Defendant Exalpha has infringed claims of at least the '443 and '414 patents through, among other activities, the manufacture, use, offer for sale, sale, and/or distribution of products and service utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including these products:

Case No. 07 C 7190
Answer of the defendant, LifeSpan BioSciences, Inc.
Page 8 of 13

     i.      Polyclonal antibody (Catalog # X1591P)

     ii.     Polyclonal antibody (Catalog # X10911P)

     iii.    Monoclonal antibody (Catalog # C190M)

     iv.    Membrane preparation of the S1P2 protein (Catalog # X1572MP)

     v.     Control Lysate for the S1P2 protein (Catalog # X1486C)

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

20.    Defendant Genetex has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and service utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including these products:

     i.      S1P2 antibody (Catalog # GTX71095)

     ii.     S1P2 antibody (Catalog # GTX70493)

     iii.    S1P2 antibody (Catalog # GTX70495)

     iv.    S1P2 antibody (Catalog # GTX13127)

     v.     S1P2 antibody (Catalog # GTX13128)

     vi.    S1P2 antibody (Catalog # GTX13395)

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

21.    Defendant LifeSpan has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of

Case No. 07 C 7190
Answer of the defendant, LifeSpan BioSciences, Inc.
Page 9 of 13

products and service utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$

("S1P2") that fall within the scope of claims of these patents, including these products:

i.     Mouse Anti-Human S1P2 Monoclonal Antibody (Catalog # LS-C6741)

ii.     Rabbit Anti-Human S1P2 Polyclonal Antibody (Catalog # LS-C6742)

iii.     Endothelial Differentiation Gene 5 (EDG5) (S1P2) Rabbit anti-Human Polyclonal Antibody (Catalog # LS-C3039)

iv.     Rabbit Anti-Human S1P2 Polyclonal Antibody (Catalog # LS-C10319)

v.     S1P2 Rabbit Anti-Human Polyclonal Antibody (Catalog # LS-A1018)

vi.     S1P2 Rabbit Anti-Human Polyclonal Antibody (Catalog #LS-A1019)

vii.     S1P2 Rabbit Anti-Human Polyclonal Antibody (Catalog # LS-A1021)

viii.     S1P2 Peptide (Catalog # LS-P1018)

ix.     S1P2 Peptide (Catalog # LS-P1019)

x.     S1P2 Peptide (Catalog # LS-P1021)

xi.     Protein localization data library that includes the Gene Report and the Drug Target Database, the Immunohistochemistry Report Features and the Expression Focused Informatics about S1P2

**Answer:** LifeSpan denies the allegations in this Paragraph.

22.     Defendant Multispan has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including at least the following products: Multiscreen™ Stable Cell Line Human Recombinant S1P2 (Catalog # CG1051-1).

**Answer:** LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

23.    Defendant Novus has infringed claims of at least the'443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $_p$H218 ("S1P2") that fall within the scope of claims of these patents, including at least the following products: S1P2 antibodies corresponding to Novus Catalog Numbers NLS1021, and H00009294-R02.

**Answer:**  LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

24.    The defendants' infringement, contributory infringement and inducement to infringe have injured and will continue to injure PSN unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, offer for sale, sale and/or distribution of products and/or processes that fall within the scope of PSN's Patents.  Further, as to at least defendants LifeSpan and Exalpha, the infringement has been willful and deliberate.

**Answer:**  LifeSpan does not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as those allegations apply to other defendants. LifeSpan denies the allegations in this Paragraph to the extent the allegations are directed at LifeSpan.

WHEREFORE, LifeSpan denies that PSN is entitled to judgment.

**FIRST DEFENSE**

LifeSpan, for its first Defense, states that this Court lacks personal jurisdiction over LifeSpan.

**SECOND DEFENSE**

LifeSpan, for its second Defense, states that venue is improper in this Court.

**FIRST AFFIRMATIVE DEFENSE**

LifeSpan, for its First Affirmative Defense, states that it does not and has not infringed any claim of PSN's patents, literally or by equivalents, directly or indirectly, or in any other manner.

**SECOND AFFIRMATIVE DEFENSE**

LifeSpan, for its Second Affirmative Defense, states that, should it be found to infringe one or more claims of PSN's patents, such infringement was not willful or deliberate.

**THIRD AFFIRMATIVE DEFENSE**

LifeSpan, for its Third Affirmative Defense, states that the plaintiff's cause of action is barred by laches.

**FOURTH AFFIRMATIVE DEFENSE**

LifeSpan, for its Third Affirmative Defense, states that the plaintiff's cause of action is barred by equitable estoppel.

WHEREFORE, LifeSpan denies that PSN Illinois is entitled to judgment.

Case No. 07 C 7190
Answer of the defendant, LifeSpan BioSciences, Inc.
Page 12 of 13

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, LifeSpan demands a trial by

jury of all issues triable of right by a jury in this matter.

Respectfully submitted,
LIFESPAN BIOSCIENCES, INC.

Date:_____                    By_____
                                              One of its Attorneys

Timothy M. McCarthy
TREXLER, BUSHNELL, GIANGIORGI,
    BLACKSTONE & MARR, LTD.
105 W. Adams, 36th Floor
Chicago, Illinois  60603
Tel:  (312) 704-1890
Fax: (312) 704-8023

9Z1916.DOC

Case No. 07 C 7190
Answer of the defendant, LifeSpan BioSciences, Inc.
Page 13 of 13

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **Amended Answer** has been served on the following counsel, by email and by telefacsimile, on _____, 2008.

Michael P. Mazza
Dana L. Drexler
MICHAEL P. MAZZA, LLC
686 Crescent Blvd.
Glen Ellyn, IL 60139

Shawn M. Collins
Robert Dawidiuk
THE COLLINS LAW FIRM
1770 N. Park Street, Suite 200
Naperville, IL 60563
**Attorneys for Plaintiff PSN Illinois, LLC**

Steven D. Pearson
Mitchell J. Edlund
MECKLER BULGER & TILSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
**Attorneys for Defendant Multispan, Inc.**

Thomas F. Poche
COOLEY, GODWARD, Kronish LLP
777 6th Street NW
Suite 1100
Washington, DC 20001
**Attorney for Defendant Discoverx Corporation**

Date: April ___, 2008                By: _____
                                          Timothy M. McCarthy

9Z1916.DOC

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PSN ILLINOIS, LLC, an Illinois corporation, | ) | |
| | ) | |
| plaintiff, | ) | |
| | ) | Case No. 07 CV 7190 |
| v. | ) | |
| | ) | Judge William J. Hibbler |
| ABCAM, INC. *et al.*, | ) | |
| | ) | Magistrate Judge Valdez |
| defendants. | ) | |

**AMENDED COUNTERCLAIM FOR DECLARATORY JUDGMENT**

The defendant, LifeSpan BioSciences, Inc., by its undersigned attorney, seeks declaratory

judgments of noninfringement and invalidity, and in support states:

**PARTIES AND JURISDICTION**

1.      This lawsuit is a civil action arising under the patent laws of the United States,

including 35 U.S.C. §§ 1 *et seq.*, and under the Declaratory Judgments Act, 28 U.S.C. § 2201.

2.      On information and belief, PSN is a limited liability company organized under the

laws of the State of Illinois and having a principal place of business at 280 W. Adams Street,

Chicago, Illinois 60604.

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331, 1338(a), and 2201.   Additionally, this Counterclaim is compulsory and therefore is

within the ancillary jurisdiction of this Court.

4.      This Court has personal jurisdiction over the plaintiff/counterdefendant, PSN

ILLINOIS, LLC, because, among other reasons, it is a resident of this judicial district and

because it has purposely availed itself of the benefits and protection of the laws of the State of

Illinois by filing this lawsuit.

Case No. 07 C 7190
Amended Counterclaim of LifeSpan BioSciences, Inc.
Page 2 of 5

5.      PSN claims to be the assignee of, and to own all rights, title and interest in and to, and to have standing to sue for past, present, and future infringement of, United States Patent No. 5,856,443, *Molecular Cloning And Expression of G-Protein Coupled Receptors* and United States Patent No. 6,518,414, *Molecular Cloning And Expression of G-Protein Coupled Receptors*, [hereinafter collectively "the patents-in-suit"], which patents are the basis of and are attached to PSN's Complaint.

6.      PSN asserts that LifeSpan infringed the patents-in-suit.

## COUNT I

For Count I of this Counterclaim, LifeSpan states:

7.      LifeSpan re-asserts the allegations in Paragraphs 1 through 6 above.

8.      LifeSpan does not and has not infringed any claims of the patents-in-suit, literally or by equivalents, directly or indirectly, or in any other manner.

9.      There is a substantial and continuing justiciable controversy between the parties as to infringement of the patents-in-suit by LifeSpan.

WHEREFORE, the defendant/counterplaintiff, LifeSpan, prays that this Court enter judgment in its favor and against PSN Illinois, LLC, and to:

A.      Find and declare that LifeSpan has not committed any act of infringement of United States Patent No. 5,856,443 or of United States Patent No. 6,518,414;

B.      Permanently enjoin PSN and its officers, agents, and employees from asserting that LifeSpan infringes United States Patent No. 5,856,443 or United States Patent No. 6,518,414;

Case No. 07 C 7190
Amended Counterclaim of LifeSpan BioSciences, Inc.
Page 3 of 5

C.    Declare that this case is exceptional and award LifeSpan its attorneys' fees and costs; and

D.    Grant such other and further relief to which LifeSpan may be entitled.

## COUNT II

For Count I of this Counterclaim, LifeSpan states:

10.    LifeSpan re-asserts the allegations in Paragraphs 1 through 6 above.

11.    The patents-in-suit are invalid under the United States Patent Act.

12.    There is a substantial and continuing justiciable controversy between the parties as to validity of the patents-in-suit by LifeSpan.

WHEREFORE, the defendant/counterplaintiff, LifeSpan, prays that this Court enter judgment in its favor and against PSN Illinois, LLC, and to:

A.    Find and declare that the claims of United States Patent No. 5,856,443 and United States Patent No. 6,518,414 are invalid;

B.    Permanently enjoin PSN and its officers, agents, and employees from asserting that United States Patent No. 5,856,443 or United States Patent No. 6,518,414 are valid;

C.    Declare that this case is exceptional and award LifeSpan its attorneys' fees and costs; and

D.    Grant such other and further relief to which LifeSpan may be entitled.

Case No. 07 C 7190
Amended Counterclaim of LifeSpan BioSciences, Inc.
Page 4 of 5

Respectfully submitted,
LifeSpan Biosciences, Inc.

Date:  April __, 2008          By_____
                                           One of its Attorneys

Timothy M. McCarthy
Trexler, Bushnell, Giangiorgi,
  Blackstone & Marr, Ltd.
105 W. Adams, 36th Floor
Chicago, Illinois  60603
Tel:  (312) 704-1890
Fax: (312) 704-8023

9Z1923.DOC

Case No. 07 C 7190
Amended Counterclaim of LifeSpan BioSciences, Inc.
Page 5 of 5

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **Amended Counterclaim** has been served on the following counsel, by email and by telefacsimile, on _____, 2008.

Michael P. Mazza
Dana L. Drexler
Michael P. Mazza, LLC
686 Crescent Blvd.
Glen Ellyn, IL 60139

Shawn M. Collins
Robert Dawidiuk
The Collins Law Firm
1770 N. Park Street, Suite 200
Naperville, IL 60563
**Attorneys for Plaintiff PSN Illinois, LLC**

Steven D. Pearson
Mitchell J. Edlund
Meckler Bulger & Tilson LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
**Attorneys for Defendant Multispan, Inc.**

Thomas F. Poche
Cooley, Godward, Kronish LLP
777 6th Street NW
Suite 1100
Washington, DC 20001
**Attorney for Defendant Discoverx Corporation**

Date: April __, 2008          By: _____
                                       Timothy M. McCarthy

9Z1923.DOC