# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

PSN ILLINOIS, LLC, an Illinois corporation, )
)
       plaintiff, )
) Case No. 07 CV 7190
v. )
) Judge William J. Hibbler
ABCAM, INC. *et al.*, )
)
       defendants. )

## DECLARATION OF JAMES W. SHEPPERD

1. My name is James W. Shepperd. I am the Chief Financial Officer of LifeSpan BioSciences, Inc. In this position, I am familiar with the operations of the company and have access to the books and records of the company. I am authorized to make this Declaration on behalf of the company.

2. LifeSpan is a corporation, incorporated in the State of Washington.

3. LifeSpan has an office at 2401 Fourth Avenue, Seattle Washington. This office is the company's principal, and only, place of business.

4. LifeSpan does not maintain an office or employees in the State of Illinois. LifeSpan does not own any real property in the States of Illinois. LifeSpan does not rent any office space or other facility in the State of Illinois. LifeSpan does not have any bank accounts in the State of Illinois. LifeSpan does not pay any employees in the State of Illinois. LifeSpan is not registered to do business with the Illinois Secretary of State.

5. I understand on information and belief that the EDG5 gene is the subject of the patents-in-suit.

6. LifeSpan has not manufactured antibodies in the State of Illinois. Therefore,

LifeSpan has not manufactured antibodies to the EDG5 gene in the State of Illinois.

7. LifeSpan maintains a website on which it describes the company, the company's products and services, and scientific information. A customer can order products such as antibodies and peptides from the website.

8. Until shortly after LifeSpan received notice of this lawsuit, the antibodies and peptides described in Paragraph 21 of the plaintiff's Complaint were offered for sale. Had a customer wanted to purchase one or more of these products, the customer could place an order through the LifeSpan website. No customer has ever ordered any of the antibodies or peptides described in Paragraph 21 of the plaintiff's Complaint in this manner, however, so LifeSpan never sold any of those peptides or antibodies through the website.

9. LifeSpan sold approximately 921 antibodies to MBL International Corporation in 2006. Three of those antibodies were to the EDG5 gene.

10. I am familiar with the Asset Purchase Agreement by which LifeSpan sold antibodies to MBL. In that contract, MBL identifies itself as a Massachusetts corporation. MBL also requests that notices under the contract be sent to it in Woburn, Massachusetts.

11. The antibodies sold to MBL were stored in LifeSpan's offices in Seattle, Washington. Those antibodies were packed and shipped by common carrier to MBL in Massachusetts.

12. LifeSpan maintains an electronic database, called the "GPCR" database, containing information on genes. One of the genes listed in the database is EDG5. The GPCR database is maintained on a computer server located in Seattle, Washington.

13. LifeSpan has sold subscriptions of varying types to its database. A subscriber who has entered into a subscription agreement is allowed to access the database. Different types

of subscriptions allow different levels of access.

14. LifeSpan entered into two contracts with a customer to perform contract research related to the EDG5 gene. All the research was conducted in Seattle, Washington. The results of the research were forwarded to Japan.

15. I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

Dated: April 11, 2008

James W. Shepperd

9Y6651.DOC