IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PSN ILLINOIS, LLC, an Illinois corporation, ) <br> ) <br> plaintiff, ) <br> ) <br> v. ) <br> ) <br> ABCAM, INC. *et al.*, ) <br> ) <br> defendants. ) | Case No. 07 CV 7190 <br><br> Judge William J. Hibbler <br><br> Magistrate Judge Valdez |

**BRIEF OF LIFESPAN IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR IMPROPER VENUE**

The defendant, LifeSpan BioSciences, Inc., by its undersigned attorney, submits this Brief in support of LifeSpan's Motion to Dismiss this case as to LifeSpan for lack of personal jurisdiction and for improper venue, and in support thereof states:

**SUMMARY OF ARGUMENT**

1. This Court does not have personal jurisdiction over LifeSpan because LifeSpan is a resident of the State of Washington and does not have sufficient contacts with the State of Illinois.

2. Venue is improper in this district because LifeSpan does not reside in this district and does not have a regular and established place of business in this district, and because the acts of infringement alleged by the plaintiff did not take place in this district.

**FACTS**

This matter is a patent infringement lawsuit. (There are no pendant causes of action pleaded by the plaintiff.) The plaintiff alleges that LifeSpan infringed the patents-in-suit by

Case 1:07-cv-07190   Document 43   Filed 04/29/2008   Page 2 of 11
LifeSpan's Brief in Support of Its Motion to Dismiss
Case No. 07 CV 7190
Page 2 of 11

manufacturing, using, offering for sale, selling, and/or distributing antibodies and peptides and a protein localization data library. *See* Paragraph 21 of the Complaint.

LifeSpan is a Washington corporation. Its sole office, and therefore its principal place of business, is located in Seattle, Washington. LifeSpan does not maintain an office or employees in the State of Illinois. LifeSpan does not own any real property in the States of Illinois. LifeSpan is not registered to do business with the Illinois Secretary of State. *See* Declaration of James W. Shepperd at ¶¶ 2-4.

LifeSpan maintains databases that contained information alleged by the plaintiff to infringe the patents-in-suit. Those databases are on computer servers located in Seattle, Washington. *See* Declaration of James W. Shepperd at ¶ 12.

LifeSpan, within the period of the patent statute of limitations (but before this lawsuit was filed), stored certain antibodies at LifeSpan's facility in Seattle, Washington. The sale of some of these antibodies is alleged by the plaintiff to infringe the patents-in-suit. Some of the allegedly infringing antibodies were sold to a customer in Massachusetts and shipped by common carrier from Seattle, Washington to Massachusetts. *See* Declaration of James W. Shepperd at ¶ 11.

LifeSpan performed contract research for a customer, the subject of which contract research the plaintiff believes to infringe the patents-in-suit. The contract research was performed in Seattle, Washington and the results were forwarded to the customer in Japan.

## ARGUMENT

### I. Introduction.

The plaintiff sued LifeSpan and others for patent infringement. LifeSpan, in its Answer, asserted the defenses of lack of personal jurisdiction and improper venue. LifeSpan, accordingly, properly preserved those defenses. *See, e.g., Rates Technology Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1307-08 (Fed. Cir.), *cert. denied*, 545 U.S. 1141 (2005); *Israel Travel Advisory Service, Inc. v. Israel Identity Tours, Inc.*, 1992 WL 330023 (N.D. Ill. 1992). LifeSpan now seeks a ruling on those defenses, as stated in Paragraph G on the Joint Status Report submitted to the Court on April 14, 2008.

### II. Court should dismiss LifeSpan from this lawsuit because LifeSpan is not subject to either general or specific jurisdiction in Illinois.

This court may exercise personal jurisdiction over LifeSpan only if (1) jurisdiction exists under the Illinois state long-arm statute and (2) exercise of jurisdiction would be consistent with the limitations of the due process clause. *E.g., Trintec Indus. v. Pedro Promotional Prods.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). Under the Illinois long-arm statute, an Illinois state court has general jurisdiction over a nonresident defendant "doing business" in Illinois and specific jurisdiction over a nonresident defendant if the claim arise from its transactions in Illinois. 735 ILCS §§ 5/2-209(a) & (b).

The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits when a state may assert personal jurisdiction over nonresident defendants. *Pennoyer v. Neff,* 95 U.S. 714, 733 (1878). To exercise personal jurisdiction consistent with federal due process, a defendant must have (1) "certain minimum contacts with the forum state such that (2)

the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

Under the "minimum contacts" test, a defendant may be subject to either specific or general jurisdiction. Specific jurisdiction applies if the defendant's contacts with the forum state relate to the cause of action. *E.g., Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472-73 (1985). General jurisdiction is applicable when the lawsuit neither arose from nor was related to the defendant's contacts with the forum state. *E.g., RAR, Inc. v. Turner Diesel Ltd.,* 107 F.3d 1272, 1276 (7th Cir.1997). General jurisdiction requires "continuous and systematic general business contacts" with the forum state. *Id.*

### A. LifeSpan does not have sufficient contacts with the State of Illinois to be subject to general jurisdiction in this district.

For general jurisdiction to exist, LifeSpan's "contacts must be so extensive to be tantamount to [a defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in an [Illinois] court in any litigation arising out of any transaction or occurrence taking place anywhere in the world." *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 787 (7th Cir. 2003). A great deal of contact is required to meet this standard. *Jamik, Inc. v. Days Inn of Mount Laurel,* 74 F. Supp. 2d 818, 822 (N.D. Ill. 1999).

The factors to consider in determining whether a defendant is subject to general jurisdiction exists include:

> 1. Whether and to what extent the defendant conducts business in the forum state;
>
> 2. Whether the defendant maintains an office or employees within the forum state;
>
> 3. Whether the defendant sends agents into the forum state to conduct business;

4. Whether the defendant advertises or solicits business in the forum state; and

5. Whether the defendant has designated an agent for service of process in the forum state.

E.g., *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, (1984).

LifeSpan does not have enough contact with Illinois to be subject to general jurisdiction. It does not directly conduct business in Illinois, does not have an office or employees in Illinois, does not send agents into Illinois to conduct business, and has not designated an agent for service of process in Illinois. LifeSpan's contacts are not extensive at all, let alone extensive enough to require it to reasonably anticipate being sued in Illinois. It would be fundamentally unfair to subject LifeSpan to general jurisdiction in Illinois.

**B.     LifeSpan's conduct alleged to infringe the patents-in-suit had no connection to the State of Illinois.**

For LifeSpan to be subject to specific jurisdiction in Illinois in this case, it must have committed acts of infringement of the patents-in-suit in Illinois. LifeSpan denies that the acts alleged by the plaintiff constitute patent infringement. Nevertheless, regardless of whether those acts, on the merits, constitute patent infringement, none of the conduct, acts, or omissions alleged by the plaintiff occurred in Illinois. LifeSpan relies on the Declaration of James W. Shepperd, submitted with LifeSpan's Motion.

The plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence. *E.g., Turnock v. Cope,* 816 F.2d 332, 333 (7th Cir. 1987). This Court may resolve factual disputes in the plaintiff's favor, but must accept the allegations in the Complaint as true only to the extent that those facts are not controverted by other evidence in the record. *Id.* The court must also accept uncontested jurisdictional facts presented by the defendants as true. *E.g., Connolly v. Samuelson,* 613 F. Supp. 109, 111 (N.D. Ill. 1985). Mr. Shepperd's Declaration

Case 1:07-cv-07190   Document 43   Filed 04/29/2008   Page 6 of 11
LifeSpan's Brief in Support of Its Motion to Dismiss
Case No. 07 CV 7190
Page 6 of 11

demonstrates that the conduct, acts, and omissions alleged by the plaintiff did not occur within the State of Illinois.

The Federal Circuit's law regarding personal jurisdiction applies here because the cause of action is patent infringement. *E.g., Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994). The Federal Circuit uses a three-factor test to determine if a non-resident defendant is subject to specific jurisdiction:

1. Whether the defendant purposefully directed its activities at residents of the forum;

2. Whether the claim arises out of or relates to the defendant's activities with the forum; and

3. Whether assertion of personal jurisdiction is reasonable and fair.

*E.g., Akro Corp. v. Luker,* 45 F.3d 1541, 1545 (Fed. Cir. 1995). As will be explained, the answer to each of these questions is "no!"

The plaintiff alleges, in Paragraph 10 of the Complaint, that "LifeSpan transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of PSN's Patents, as discussed below." The plaintiff then alleges, in Paragraph 21 of the Complaint, that LifeSpan infringed the patents-in-suit by manufacturing, using, offering for sale, selling, and/or distributing antibodies and peptides and a protein localization data library. None of the alleged activities occurred in this district, or even in the State of Illinois, however.

LifeSpan did not manufacture any allegedly infringing antibodies or peptides in Illinois. LifeSpan did not use any allegedly infringing antibodies or peptides in Illinois. LifeSpan did not

distribute any allegedly infringing antibodies or peptides in Illinois. Accordingly, the alleged manufacture, use, or distribution cannot confer specific jurisdiction in Illinois.

LifeSpan offered allegedly infringing antibodies and peptides for sale on its website. That website is not targeted specifically at residents of Illinois, however. For a website to confer either general or specific jurisdiction, there must be additional, non-Internet activities directed at residents of the forum state. *E.g., InfoSys Inc. v. Billingnetwork.com Inc.*, 2003 WL 22012687 (N.D. Ill. Aug. 26). *See also Gencor Pacific, Inc. v. Nature's Thyme, LLC*, 2007 WL 1225362 (N.D. Ill. Apr. 24, 2007). Merely having a website does not subject a party to jurisdiction anywhere in the United States. Significantly, however, LifeSpan never actually sold any of the allegedly infringing antibodies or peptides through its website. *See* Declaration of James W. Shepperd at ¶ 8. There being no actual sales of allegedly infringing goods through the website, LifeSpan's website is not sufficient to confer specific jurisdiction in this Court.

LifeSpan's databases are maintained on computers in Washington and have no connection with Illinois. Accordingly, the presence of allegedly infringing information on LifeSpan's databases in Washington cannot confer specific jurisdiction in Illinois. Please note that the location of the customers who accessed LifeSpan's database is actually irrelevant to the jurisdictional analysis, because jurisdiction is proper only if the defendant's own contacts create a substantial connection with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). To the extent that the plaintiff asserts that LifeSpan's provision of information constitutes patent infringement, that information was maintained in Washington, not in Illinois.

LifeSpan also conducted contract research for a customer, the content of which the plaintiff believes to infringe the patents-in-suit. That research was conducted in Seattle Washington and has no connection with Illinois. Additionally, the results were sent to Japan. As

noted above in connection with the *Burger King* case, it is LifeSpan's contacts with Illinois, not its customers' contacts, that must establish jurisdiction in this Court. But, again, the fact that the customer for the alleged contract research is similarly unconnected to Illinois reinforces LifeSpan's lack of contact with Illinois.

LifeSpan, in one instance, sold antibodies alleged to infringe the patents-in-suit. The customer is in Massachusetts. The allegedly infringing antibodies were shipped by common carrier from Washington to Massachusetts. One could argue that the location of the "sale" for purposes of patent infringement was either (1) the location from which the goods were shipped, in Seattle, Washington, or (2) the location to which the goods were shipped, in Massachusetts. *See, e.g., North American Philips Corp. v. American Vending Sales, Inc.*, 35 F.3d 1576 (Fed. Cir. 1994). Regardless of which theory one uses to determine where that sale occurred, however, that sale manifestly did not occur in Illinois. That sale, having no connection to the State of Illinois, cannot confer specific jurisdiction in this Court.

It is manifestly unfair, indeed it offends traditional notions of justice, to require LifeSpan to defend this case in Illinois. LifeSpan did not purposefully direct its activities at residents of Illinois. The plaintiff's cause of action did not arise out of any activities of LifeSpan connected to Illinois. The assertion of personal jurisdiction over LifeSpan in this case is neither reasonable nor fair. There is not nearly enough contact between Illinois and LifeSpan to confer either general or specific jurisdiction. Accordingly, this Court should dismiss LifeSpan from this case.

### III. This Court should dismiss LifeSpan from this lawsuit because venue is improper in this district with respect to LifeSpan.

Alternatively, LifeSpan moves this Court pursuant to 28 U.S.C Section 1406(a) to dismiss this case for improper venue. Venue in this patent infringement action is controlled by

28 U.S.C. § 1400(b), which provides: "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Accordingly, venue is proper in this district only if (a) LifeSpan resides here, or (b) has committed acts of infringement and has a regular and established place of business here.

### A. LifeSpan does not reside in this district.

LifeSpan does not reside in this district. LifeSpan is a Washington corporation and, as explained above, has little or no contact with Illinois. LifeSpan recognizes that a corporate defendant resides in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c); *V.E. Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578 (Fed.Cir.1990), *cert. denied*, 499 U.S. 922 (1991). As noted above, however, LifeSpan is not subject to personal jurisdiction in Illinois. It is therefore not a resident of Illinois and venue is improper in this Court.

### B. LifeSpan has not committed acts of infringement in this district and does not have a regular and established place of business here.

For venue to be proper in this district, there must have been acts of infringement in this district. As noted above, however, all of the acts alleged to constitute patent infringement occurred elsewhere. Regardless of whether the plaintiff can prove that those acts actually constitute patent infringement, those acts occurred elsewhere than this district. There is no connection between the allegedly infringing acts and Illinois. Accordingly, for this reason alone, venue is improper here.

Additionally, however, LifeSpan does not have a regular and established place of business in this district. LifeSpan does not have an office here and does not have employees

here. LifeSpan's complete lack of presence in this district means venue is improper in this district.

Accordingly, this Court should dismiss LifeSpan from this case because venue is improper. Alternatively, this Court should sever LifeSpan from this matter and transfer the severed matter to the United States District Court for the Western District of Washington.

## IV. Summary.

LifeSpan has insufficient contacts with this State to be required to defend this matter here. LifeSpan is not subject to personal jurisdiction in this State, either general or specific. Moreover, venue is improper. Accordingly, this Court should dismiss LifeSpan from this case.

WHEREFORE, the defendant, LifeSpan BioSciences, Inc., moves this Court to:

1. Dismiss this case as to LifeSpan for lack of personal jurisdiction;

2. Dismiss this case as to LifeSpan for lack of proper venue; or

3. Sever LifeSpan from this case and transfer this case to the United States District Court for the Western District of Washington.

Respectfully submitted,

LIFESPAN BIOSCIENCES, INC.

Date: April 29, 2008

By: _____
One of its attorneys

Timothy M. McCarthy
TREXLER, BUSHNELL, GIANGIORGI
    BLACKSTONE & MARR, LTD.
105 West Adams, 36th Floor
Chicago, Illinois 60603
Tel: (312) 704-1890
Fax: (312) 704-8023

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR IMPROPER VENUE** has been served on the following counsel, by email and by telefacsimile, on April 29, 2008.

Michael P. Mazza
Dana L. Drexler
MICHAEL P. MAZZA, LLC
686 Crescent Blvd.
Glen Ellyn, IL 60139

Shawn M. Collins
Robert Dawidiuk
THE COLLINS LAW FIRM
1770 N. Park Street, Suite 200
Naperville, IL 60563
**Attorneys for Plaintiff PSN Illinois, LLC**

Steven D. Pearson
Mitchell J. Edlund
MECKLER BULGER & TILSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
**Attorneys for Defendant Multispan, Inc.**

Thomas F. Poche
COOLEY, GODWARD, Kronish LLP
777 6th Street NW
Suite 1100
Washington, DC 20001
**Attorney for Defendant Discoverx Corporation**

Date: April 29, 2008          By: _____
                                  Timothy M. McCarthy

9Y6018.DOC