IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PSN Illinois, LLC,<br>an Illinois Corporation<br>　　　　　　　Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>) | Case No. 07-CV- 7190 |
| Abcam, Inc.; Abgent;<br>Affinity Bioreagents, Inc.;<br>Exalpha Biologicals, Inc.;<br>DiscoveRx Corporation;<br>Genetex, Inc.; LifeSpan<br>Biosciences, Inc.; Multispan,<br>Inc.; and Novus Biologicals, Inc.,<br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Judge William J. Hibbler<br><br>Magistrate Judge Maria Valdez |

**PLAINTIFF PSN ILLINOIS' MOTION TO COMPEL
DISCOVERY FROM THIRD PARTY MERCK & CO., INC.**

I.   **INTRODUCTION**

　　This is a patent infringement case in which PSN alleges that defendants are infringing certain patented technology used in the drug manufacturing industry. One such drug manufacturer which PSN believes to be unlawfully using the technology, and which therefore has documents which will shed light on the extent of the infringement, is third party Merck & Co., Inc. ("Merck"). Merck cannot credibly deny that they have documents relevant to this case -- Merck has published articles describing that it is using the technology. Yet, Merck refuses to provide any documents in response to PSN's subpoena issued more than six weeks ago and it refuses to provide a Rule 30(b)(6) deposition witness. PSN respectfully requests that Merck be ordered to immediately produce its responsive documents and its Rule 30(b)(6) witness(es).

1

## II. BACKGROUND

PSN Illinois filed this lawsuit for patent infringement on December 21, 2007 (Complaint, Docket 1), asserting that nine defendants infringed its United States Patent Nos. 5,856,443 and 6,518,414, each entitled "Molecular Cloning And Expression of G-Protein Coupled Receptors" ("the PSN Patents"), and each invented by Dr. John MacLennan, a University of Cincinnati research professor. The PSN Patents concerns a class of G-protein coupled receptors (GPCRs) found on the outside of cells which affect cell function, and which respond to sphingosine-1 phosphate receptors, known as S1P2 receptors. PSN alleges that the use of these S1P2 receptors infringes the PSN Patents. S1P2 receptors are believed to play critical roles in cellular processes including those underlying cancer, vascular biology (e.g. relating to high blood pressure and strokes) and allergic responses (e.g., hay fever, etc.), and corresponding drug development requires use of the patented S1P2 receptor. The defendants have each made S1P2 receptors available, such as through cell lines, to pharmaceutical companies, without acknowledging PSN's Patents.

Since filing its Complaint, PSN has worked diligently to attempt to settle its differences with the defendants, and this work has proven largely successful: 7 of the 9 defendants have settled and entered into Consent Judgment Orders (CJOs) acknowledging infringement and validity of PSN's Patents. Only defendants LifeSpan BioSciences, Inc. (LifeSpan) and Abgen, Inc. remain.

LifeSpan maintains a database of genomic information, including S1P2 receptor information, and related supplies (cell lines, antibodies, etc.) which subscribers can access and purchase for a stiff price – often $1 million or more per subscriber. Merck is

one LifeSpan subscriber, and LifeSpan has confirmed that Merck has accessed the S1P2 receptor information on multiple occasions. In fact, Merck has authored a dozen publications and has filed at least five (5) patent applications concerning its ongoing S1P2 receptor development (Exhibit A, inventor MacLennan 6/16/06 letter listing Merck publications describing its use of S1P2 receptor expression technology to develop pharmaceuticals).

Non-expert discovery ends in this case on September 1, 2008 (Minute Order, Docket 35), only four (4) months from now.

### III.     MERCK HAS UNJUSTIFIABLY REFUSED TO PRODUCE DISCOVERY

PSN served a document subpoena on Merck on March 12, 2008 (Exhibit B). The subpoena seeks copies of correspondence, subscriptions, licensing agreements, and other representative documents relating to narrowly defined "S1P2" technology at issue in this case (*id.*). Documents were due pursuant to this subpoena on March 28, 2008.

That date came and went with not a single document being produced by Merck. In fact, Merck's attorneys did not even formally object to the subpoena until April 11, 2008 (Exhibit C). Although the subpoena is narrow in its scope, Merck objected and refused to produce even a singe document claiming, *inter alia*, that PSN should get the evidence from a defendant in this case and that the subpoena sought documents not calculated to lead to admissible evidence (*id.*). Respectfully, these are not valid reasons for Merck to refuse to comply with PSN's subpoena (see Section IV., below). As of today – nearly two (2) months after the subpoena was served by PSN on Merck -- Merck and its attorneys have yet to provide a valid reason for failing to produce any documents in response to PSN's document subpoena. Since a reasonable amount of time has passed

without formal objection by Merck, PSN requests that Merck be immediately ordered to respond to the document subpoena.

Later, on April 24, PSN served a Rule 30(b)(6) deposition notice on Merck's attorneys (Exhibit D), requesting a deposition to commence on May 6. Merck's attorneys ignored this request until Friday, May 2, when they tersely advised by email that "we will not be providing a 30(b)(6) deponent on May 6, 2008" (5/2/08 Hill email, 8:59am, Group Exhibit E), without providing any reason for this refusal other than to say that "objections" would be provided "in due course" (*id.*).[1] Again, as of today, no formal objections or reasons for such have been received from Merck or its attorneys in response to the deposition subpoena, and PSN requests that Merck be immediately ordered to comply and provide knowledgeable testifying witnesses for deposition.

### IV. MERCK SHOULD BE REQUIRED TO PROVIDE THE REQUESTED DISCOVERY

Merck has known about the technology disclosed in the PSN Patents for some time. That is because John MacLennan, the inventor of the PSN Patents, advised Merck in June of 2006 that it was infringing the PSN Patents (Exhibit A, MacLennan letter). Merck tersely responded then that it did not believe it required a license under the PSN Patents "at this time" (8/1/2006 letter, Exhibit F). But Merck has published at least a dozen publications (Exhibit A) and filed for at least 5 patent applications (5/1/08 Mazza email, 7:44am, Group Exhibit E) on the S1P2 receptor technology which is the subject of

---

[1] Merck's attorneys also advised that they required that the deposition notice be served on its client. The document subpoena had been so served, but the deposition notice had been served on Merck's attorneys, as PSN and Merck's attorneys were in contact by that point. May 2 was the first time that Merck's attorneys requested personal service on their client, and PSN immediately served the deposition notice on Merck on that same day, May 2, 2008 (Exhibit D).

the PSN Patents.

Merck's use of the technology disclosed and claimed in the PSN Patents, and whether it is in fact infringing those patents, is undeniably highly relevant to the determination of a reasonable royalty in this case as regards LifeSpan – whether or not LifeSpan facilitated this infringement by making the patented invention available to Merck. As one example, the degree of commercial success of the patented invention is a factor considered by courts in the determination of a reasonable royalty, including under the so-called *Georgia-Pacific* factors. *See, e.g.*, *Trans-World Mfg. Corp. v. Al Nyman & Sons*, 750 F.2d 1552, 1568 (Fed. Cir. 1984) (an infringer's anticipated profit from the use of the patented invention must be considered in determining a reasonable royalty). Further, commercial success of the patented invention must be considered when analyzing LifeSpan's counterclaims concerning the validity issue. *See, e.g.*, *Panduit Corp. v. Dennison Mfg. Co.*, 774 F.2d 1082, 1100 (Fed. Cir. 1985) (commercial success can be powerful and persuasive evidence of nonobviousness); *Demaco Corp. v. F. Von Langsdorff, Ltd.*, 851 F.2d 1387, 1391 (Fed. Cir. 1988) (commercial success must be considered before a conclusion on obviousness is reached).

V. **CONCLUSION**

Accordingly, for the reasons given above, Plaintiff PSN Illinois, LLC respectfully requests entry of its motion, proposed order (Exhibit G), and that Merck be compelled to provide the discovery requested in PSN's Rule 30(b)(6) deposition notice (Exhibit D) and document subpoena (Exhibit B) within seven (7) days of the Court's Order.

FOR PSN ILLINOIS, LLC

Date: May 5, 2008

s/Michael P. Mazza/
Michael P. Mazza (IL Bar No. 6201609)
Dana Drexler (IL Bar No. 6291515)
Michael P. Mazza, LLC
686 Crescent Blvd.,
Glen Ellyn, IL 60139
P: 630-858-5071
E-Mail: mazza@mazzallc.com

Shawn M. Collins (IL Bar No. 6195107)
Robert Dawidiuk (IL Bar. No. 6282717)
The Collins Law Firm
1770 N. Park Street, Suite 200
Naperville, IL 60563
P: 630-527-1595
E-Mail: smc@collinslaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PSN Illinois, LLC, an Illinois Corporation<br>Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>) | Case No. 07-CV- 7190 |
| Abcam, Inc.; Abgent; Affinity Bioreagents, Inc.; Exalpha Biologicals, Inc.; DiscoveRx Corporation; Genetex, Inc.; LifeSpan Biosciences, Inc.; Multispan, Inc.; and Novus Biologicals, Inc.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Judge William J. Hibbler<br><br>Magistrate Judge Maria Valdez |

## **AFFIDAVIT PURSUANT TO L.R. 37.2**

PSN's attorneys have attempted several times to consult with Merck's attorneys through telephone and email. After consultation, PSN and Merck have been unable to reach an accord. Additionally, PSN's attorneys' attempts to engage in such consultations with Merck's attorneys have been unsuccessful due to no fault of PSN's attorneys. The names of all parties, the dates, times, and places of these consultations and attempts at consultation, are provided in numerous exchanges between the parties' counsel (Group Exhibit E).

FOR PSN ILLINOIS, LLC

Date: May 5, 2008

s/Michael P. Mazza/
Michael P. Mazza (IL Bar No. 6201609)
Dana Drexler (IL Bar No. 6291515)
Michael P. Mazza, LLC
686 Crescent Blvd.,
Glen Ellyn, IL 60139
P: 630-858-5071
E-Mail: mazza@mazzallc.com

Shawn M. Collins (IL Bar No. 6195107)
Robert Dawidiuk (IL Bar. No. 6282717)
The Collins Law Firm
1770 N. Park Street, Suite 200
Naperville, IL 60563
P: 630-527-1595
E-Mail: smc@collinslaw.com