SALIWANCHIK, LLOYD & SALIWANCHIK
A PROFESSIONAL ASSOCIATION

P.O. Box 142950, Gainesville, FL 32614-2950
COURIER: 3107 S.W. Williston Rd., Gainesville, FL 32608

Telephone: (352) 375-8100
Facsimile: (352) 372-5800
www.slspatents.com

Roman Sali
(1926-1

June 16, 2006

Chief Licensing Officer
WS2A-39, 1 Merck Drive
P.O. Box 100
Merck & Co., Inc.
Whitehouse Station
NJ 08889




To Whom it May Concern:

Your firm is conducting an extensive series of ongoing studies to identify selective sphingosine-1-phosphate (S1P) receptor compounds (see list below of publications by your firm). This substantial investment is understandable given that a large and rapidly expanding literature indicates that such compounds are likely to be clinically very important, and consequentially, commercially quite profitable.

An indispensable component of all your many published studies listed here is the expression of the human S1P2 receptor as covered by patents owned jointly by the undersigned (Pat. No. 5,585,476; 5,856,443; and 6,518,414; S1P2 = H218). Therefore, we are contacting you assuming that you are prepared to negotiate in good faith for a license to cover the use of the receptor in this work. We hereby offer you an exclusive license to the three patents to cover all your past, present and future uses of S1P2 for $200,000 and a share of your profits generated with the compounds you have developed, or will develop, with the aid of S1P2 receptor expression.

The research literature strongly suggests that being able to determine a drug's activity at the S1P2 receptor is crucial to the development of powerful new pharmaceuticals in immunology, oncology, vascular biology and allergic responses (see examples from the research literature cited below). Clearly, the researchers at your firm agree on the importance of expressing S1P2 or otherwise they would not include such assays in so many of their studies. Indeed, in several respects the S1P2 receptor operates quite differently than all the other S1P

receptors, and the degree of activity of any S1P receptor pharmaceutical at the S1P2 receptor will greatly affect the drug's clinical profile. We would be happy to more specifically review the literature with regard to these points if you wish.

Thank you for your time and consideration. If you require any additional material from us please feel free to request it.

Sincerely,

A. John MacLennan
5706 Chestnut Ridge Dr.
Cincinnati, OH
45230

Jeff Lloyd
Partner
Saliwanchik, Lloyd & Saliwanchik
3107 S.W. Williston Rd.
Gainesville, FL
32608

**Merck publications describing their use of S1P2 receptor expression to develop S1P receptor pharmaceuticals:**

Mandala S, Hajdu R, Bergstrom J, Quackenbush E, Xie J, Milligan J, Thornton R, Shei GJ, Card D, Keohane C, Rosenbach M, Hale J, Lynch CL, Rupprecht K, Parsons W, Rosen H. (2002) Alteration of lymphocyte trafficking by sphingosine-1-phosphate receptor agonists. Science 296(5566):346-349.

Forrest M, Sun SY, Hajdu R, Bergstrom J, Card D, Doherty G, Hale J, Keohane C, Meyers C, Milligan J, Mills S, Nomura N, Rosen H, Rosenbach M, Shei GJ, Singer II, Tian M, West S, White V, Xie J, Proia RL, Mandala S. (2004) Immune cell regulation and cardiovascular effects of sphingosine 1-phosphate receptor agonists in rodents are mediated via distinct receptor subtypes. J Pharmacol Exp Ther 309(2):758-768.

Hale JJ, Doherty G, Toth L, Li Z, Mills SG, Hajdu R, Ann Keohane C, Rosenbach M, Milligan J, Shei GJ, Chrebet G, Bergstrom J, Card D, Rosen H, Mandala S. (2004) The discovery of 3-(N-alkyl)aminopropylphosphonic acids as potent S1P receptor agonists. Bioorg Med Chem Lett 14(13):3495-3499.

Hale JJ, Lynch CL, Neway W, Mills SG, Hajdu R, Keohane CA, Rosenbach MJ, Milligan JA, Shei GJ, Parent SA, Chrebet G, Bergstrom J, Card D, Ferrer M, Hodder P, Strulovici B, Rosen H, Mandala S. (2004) A rational utilization of high-throughput screening affords selective, orally bioavailable 1-benzyl-3-carboxyazetidine sphingosine-1-phosphate-1 receptor agonists. J Med Chem 47(27):6662-6665.

Hale JJ, Neway W, Mills SG, Hajdu R, Ann Keohane C, Rosenbach M, Milligan J, Shei GJ, Chrebet G, Bergstrom J, Card D, Koo GC, Koprak SL, Jackson JJ, Rosen H, Mandala S. (2004) Potent S1P receptor agonists replicate the pharmacologic actions of the novel immune modulator FTY720. Bioorg Med Chem Lett 14(12):3351-3355.

Hale JJ, Yan L, Neway WE, Hajdu R, Bergstrom JD, Milligan JA, Shei GJ, Chrebet GL, Thornton RA, Card D, Rosenbach M, HughRosen, Mandala S. (2004) Synthesis, stereochemical determination and biochemical characterization of the enantiomeric phosphate esters of the novel immunosuppressive agent FTY720. Bioorg Med Chem 12(18):4803-4807.

Yan L, Hale JJ, Lynch CL, Budhu R, Gentry A, Mills SG, Hajdu R, Keohane CA, Rosenbach MJ, Milligan JA, Shei GJ, Chrebet G, Bergstrom J, Card D, Rosen H, Mandala SM. (2004) Design and synthesis of conformationally constrained 3-(N-alkylamino)propylphosphonic acids as potent agonists of sphingosine-1-phosphate (S1P) receptors. Bioorg Med Chem Lett 14(19):4861-4866.

Li Z, Chen W, Hale JJ, Lynch CL, Mills SG, Hajdu R, Keohane CA, Rosenbach MJ, Milligan JA, Shei GJ, Chrebet G, Parent SA, Bergstrom J, Card D, Forrest M, Quackenbush EJ, Wickham LA, Vargas H, Evans RM, Rosen H, Mandala S. (2005) Discovery of potent 3,5-diphenyl-1,2,4-oxadiazole sphingosine-1-phosphate-1 (S1P1) receptor agonists with exceptional selectivity against S1P2 and S1P3. J Med Chem 48(20):6169-6173.

Colandrea VJ, Legiec IE, Huo P, Yan L, Hale JJ, Mills SG, Bergstrom J, Card D, Chebret G, Hajdu R, Keohane CA, Milligan JA, Rosenbach MJ, Shei GJ, Mandala SM. (2006) 2,5-Disubstituted pyrrolidine carboxylates as potent, orally active sphingosine-1-phosphate (S1P) receptor agonists. Bioorg Med Chem Lett 16(11):2905-2908.

Yan L, Budhu R, Huo P, Lynch CL, Hale JJ, Mills SG, Hajdu R, Keohane CA, Rosenbach MJ, Milligan JA, Shei GJ, Chrebet G, Bergstrom J, Card D, Mandala SM. (2006) 2-Aryl(pyrrolidin-4-yl)acetic acids are potent agonists of sphingosine-1-phosphate (S1P) receptors. Bioorg Med Chem Lett 16(13):3564-3568.

Vachal P, Toth LM, Hale JJ, Yan L, Mills SG, Chrebet GL, Koehane CA, Hajdu R, Milligan JA, Rosenbach MJ, Mandala S. (2006) Highly selective and potent agonists of sphingosine-1-phosphate 1 (S1P(1)) receptor. Bioorg Med Chem Lett, in press.

Yan L, Huo P, Doherty G, Toth L, Hale JJ, Mills SG, Hajdu R, Keohane CA, Rosenbach MJ, Milligan JA, Shei GJ, Chrebet G, Bergstrom J, Card D, Quackenbush E, Wickham A, Mandala SM. (2006) Discovery of 3-arylpropionic acids as potent agonists of sphingosine-1-phosphate receptor-1 (S1P(1)) with high selectivity against all other known S1P receptor

subtypes. Bioorg Med Chem Lett, in press.

**Example research publications identifying S1P2 as a promising therapeutic target:**

Arikawa K, Takuwa N, Yamaguchi H, Sugimoto N, Kitayama J, Nagawa H, Takehara K, Takuwa Y. (2003) Ligand-dependent inhibition of B16 melanoma cell migration and invasion via endogenous S1P2 G protein-coupled receptor. Requirement of inhibition of cellular RAC activity. J Biol Chem 278(35):32841-32851.

Yamaguchi H, Kitayama J, Takuwa N, Arikawa K, Inoki I, Takehara K, Nagawa H, Takuwa Y. (2003) Sphingosine-1-phosphate receptor subtype-specific positive and negative regulation of Rac and haematogenous metastasis of melanoma cells. Biochem J 374(Pt 3):715-722.

Ikeda H, Nagashima K, Yanase M, Tomiya T, Arai M, Inoue Y, Tejima K, Nishikawa T, Watanabe N, Omata M, Fujiwara K. (2004) Sphingosine 1-phosphate enhances portal pressure in isolated perfused liver via S1P2 with Rho activation. Biochem Biophys Res Commun 320(3):754-759.

Jolly PS, Bektas M, Olivera A, Gonzalez-Espinosa C, Proia RL, Rivera J, Milstien S, Spiegel S. (2004) Transactivation of sphingosine-1-phosphate receptors by FcepsilonRI triggering is required for normal mast cell degranulation and chemotaxis. J Exp Med 199(7):959-970.

Yokoo E, Yatomi Y, Takafuta T, Osada M, Okamoto Y, Ozaki Y.Yatomi YE, Takafuta. (2004) Sphingosine 1-phosphate inhibits migration of RBL-2H3 cells via S1P2: cross-talk between platelets and mast cells. J Biochem 135(6):673-681.

Goparaju SK, Jolly PS, Watterson KR, Bektas M, Alvarez S, Sarkar S, Mel L, Ishii I, Chun J, Milstien S, Spiegel S. (2005) The S1P2 receptor negatively regulates platelet-derived growth factor-induced motility and proliferation. Mol Cell Biol 25(10):4237-4249.

Lepley D, Paik JH, Hla T, Ferrer F. (2005) The G protein-coupled receptor S1P2 regulates Rho/Rho kinase pathway to inhibit tumor cell migration. Cancer Res 65(9):3788-3795.

Hu W, Huang J, Mahavadi S, Li F, Murthy KS. (2006) Lentiviral siRNA silencing of sphingosine-1-phosphate receptors S1P1 and S1P2 in smooth muscle. Biochem Biophys Res Commun 343(4):1038-1044.

Balthasar S, Samulin J, Ahlgren H, Bergelin N, Lundqvist M, Toescu EC, Eggo MC, Tornquist K.(2006) Sphingosine 1-phosphate receptor expression profile and regulation of migration in human thyroid cancer cells. Biochem J, in press.

Hu W, Mahavadi S, Huang J, Li F, Murthy KS. (2006) Characterization of S1P1 and S1P2 Receptor Function in Smooth Muscle by Receptor Silencing and Receptor Protection. Am J Physiol Gastrointest Liver Physiol, in press

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

PSN ILLINOIS, LLC.,

V.

ABCAM, INC., et al.,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07 C 7190

TO: Merck & Co., Inc.
c/o CT Corporation System, Registered Agent
208 South LaSalle St., Suite 814
Chicago, IL 60604

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

| PLACE | DATE AND TIME |
|---|---|
| The Collins Law Firm, P.C., 1770 North Park Street, Suite 200 Naperville, IL 60563 | 3/28/2008 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robert Danzhih [signature] | 3/12/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
The Collins Law Firm, P.C., 1770 N. Park St., Suite 200
Naperville, IL 60563

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3/12/2008 | c/o CT Corporation System, Registered Agent<br>208 South LaSalle St., Suite 814, Chicago, IL 60604 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Merck & Co., Inc. | Certified Mail - Return Receipt Requested<br>#7005 2570 0000 7174 9602 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Robert L. Dawidiuk | Attorney At Law |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 3/12/2008
DATE

SIGNATURE OF SERVER

1770 N. Park Street, Suite 200, Naperville, IL 60563
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# RIDER

## Definitions and Instructions

1. As used herein, "S1P2 Technology" means (a) polynucleotides encoding the S1P2 (Sphingosine 1-Phosphate Receptor 2/ aka EDG-5 / aka $_{p}^{H218}$) receptor; (b) complementary ployneucleotides; and (c) polypeptides, antibodies, and expression data derived therefrom.

2. As used herein, the term "communication" means any contact, oral or written, formal or informal, at any time or place and under any circumstances whatsoever whereby information was transmitted, including without limitation, letters, faxes and emails.

3. As used herein, the term "correspondence" means, in addition to its ordinary meaning, any recording, memorandum, or note, handwritten or otherwise, of any communication.

4. As used herein, "document" means the broadest definition of the term under the Federal Rules of Civil Procedure and the cases interpreting those rules and specifically includes information stored in or on any electronic media or in computer-readable format, including E-mail, voice mail, hard drives, computer discs, electronic tapes, etc.

5. As used herein, the term "person" shall mean all natural persons or any fictitious person including, by way of example only, a corporation, partnership, joint venture, estate, trust, or a municipal or other governmental entity.

6. Singular words shall include the plural and plural words include the singular.

7. There requests are intended to be continuing and you are instructed to make prompt, further and supplemental production whenever an additional document is discovered that is responsive hereto.

8. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing or for redacting a document or for withholding information, set forth the privilege and each and every fact upon which the privilege is based including sufficient facts for a court to make a full determination of whether the claim of privilege is valid, and identify the document or information to which the privilege is alleged to pertain by date, author, recipient and subject matter or otherwise.

9. If any documents or information requested herein have been lost, discarded or destroyed, they shall be identified or described as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and person disposing of the document or information.

10. As used herein, the terms "relating to" or "relate to" shall mean the following: concerning, constituting, evidencing, recording, memorializing, containing, identifying, describing, discussing, embodying, responding to, referring to, reflecting, stating, pertaining to, indicating, dealing with, evaluating, analyzing, commenting upon, and/or drawing conclusions with respect to.

## Specific Requests

(1.) All representative documents in your possession related to "SIP2 Technology."

(2.) Please produce copies of any communications with LifeSpan Biosciences Inc., or any third party relating to S1P2 Technology.

(3.) Please produce copies of all documents in your possession related to subscriptions with LifeSpan Biosciences, Inc. covering databases containing SIP2 Technology. This request includes, but is not limited to, the following:

a) Contracts, agreements, and/or licenses with LifeSpan Biosciences, Inc., relating to such database subscriptions concerning "SIP2 Technology";

b) Documents and things tracking the use of information from such LifeSpan databases concerning SIP2 Technology; and

c) Representative documents relating to the use of the LifeSpan database subscription's SIP2 Technology for research and/or product development.

(4.) Please produce all representative documents in your possession related to subscriptions with any third parties covering databases containing SIP2 Technology. This request includes, but is not limited to, the following:

a) Contracts, agreements, and/or licenses with any third party, relating to such database subscriptions concerning SIP2 Technology;

b) Documents tracking the use of information from such third party's databases concerning SIP2 Technology; and

c) Representative documents relating to the use of the database subscription's SIP2 Technology for research and/or product development.

JENNER&BLOCK

April 11, 2008

Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611
Tel 312-222-9350
www.jenner.com

Chicago
New York
Washington, DC

Jonathan Hill
Tel 312 923-8318
Fax 312 923-8418
jhill@jenner.com

**VIA E-MAIL**
**OVERNIGHT DELIVERY**

Robert L. Dawidiuk, Esq.
THE COLLINS LAW FIRM
1770 N. Park Street
Suite 200
Naperville, Illinois 60563

**Re: PSN Illinois v. Abcam, et al.; Third Party Subpoena to Merck**

Dear Mr. Dawidiuk:

Enclosed herewith please find Merck's Objections To PSN's Rule 45 Subpoena For Documents.

We begin by extending our thanks for accommodating us with the extension of time in which to respond to PSN's subpoena to Merck for documents.

Turning to the substance of our response, we do not understand why any of the information that you seek is discoverable from Merck. As an initial matter, it appears that many of the requested documents can be obtained from LifeSpan, and we object on that basis. In addition, the requests seek information that does not appear relevant or reasonably calculated to lead to the discovery of admissible evidence in the referenced matter. If you believe otherwise, please inform us in writing of the particular types of documents you seek from Merck that are not available from LifeSpan, and explain how those documents are discoverable in light of the issues in the above-referenced lawsuit.

Very truly yours,

Jonathan Hill

JH:rlu
Enclosures

1644940.1



**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PSN ILLINOIS, LLC

Plaintiff,

v.

ABCAM, INC., ABGENT, INC., AFFINITY BIOREAGENTS, INC. DISCOVERX CORPORATION, EXALPHA BIOLOGICALS, INC., GENETEX, INC. LIFESPAN BIOSCIENCES, INC. MULTISPAN, INC. and NOVUS BIOLOGICALS, INC.,

Defendants

No. 07 C 2996

Judge Hibbler

Magistrate Judge Valdez

**MERCK'S OBJECTIONS TO PSN'S RULE 45 SUBPOENA FOR DOCUMENTS**

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Merck & Co., Inc. ("Merck") hereby responds to Plaintiff PSN Illinois, LLC's ("PSN") subpoena for documents, dated March 12, 2008 ("PSN's Subpoena"), with the objections set forth below.

**GENERAL OBJECTIONS**

1. Merck objects to PSN's Subpoena to the extent it seeks documents or things that are protected by the attorney-client privilege or the attorney work product immunity doctrine, or that are otherwise not subject to discovery by virtue of Rule 45(d) of the Federal Rules of Civil Procedure.

2. Merck objects to PSN's Subpoena to the extent it purports to impose upon Merck duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure.

3. Merck objects to PSN's Subpoena to the extent it seeks documents that are neither relevant to the subject matter involved in the captioned action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Merck objects to PSN's Subpoena to the extent it seeks documents that are not in Merck's possession, custody or control.

5. Merck objects to PSN's Subpoena to the extent that the Specific Requests are overly broad, unduly burdensome and/or without reasonable limitation in scope.

6. Merck objects to PSN's Subpoena to the extent it seeks documents (or information) that are available from other sources, including, but not limited to, the public domain and LifeSpan Biosciences, Inc. ("LifeSpan"), as well as documents (or information) that have already been produced in the captioned litigation.

7. Merck objects to PSN's Subpoena to the extent it seeks the production of "any" or "all" or "every" document or documents of a specified nature or type, when a limited number of such documents will provide the requested information, on the grounds that such a requirement makes the Request to Produce overly broad, unduly burdensome and oppressive.

8. Merck has set forth such objections as are apparent at this time based on its understanding of PSN's Subpoena. Merck reserves the right to assert additional objections, including those based on excessive burden, which may become apparent during the course of responding, if any further, to PSN's Subpoena.

* * *

The foregoing general objections are incorporated into and made part of Merck's specific response to each Specific Request propounded by PSN in the Rider attached to the Subpoena.

Each of Merck's responses below is made without waiver or prejudice to these general objections.

**SPECIFIC OBJECTIONS AND RESPONSES**

Merck's response or partial response to any Specific Request is based on Merck's reasonable interpretation thereof and does not constitute a waiver of any of its objections or its right to object to any additional, supplemental or further requests for production pursuant to Fed.R.Civ.P. 45, or any part thereof.

> **SPECIFIC REQUEST NO. 1**. All representative documents in your possession related to "SIP2 Technology."

**Merck's Response to Specific Request No. 1:**

Merck objects to the term "representative" as vague and ambiguous. Merck objects to this request, including its use of the term "S1P2 Technology," as overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence in the captioned matter. Merck objects to this request as seeking documents "related to 'S1P2 Technology'" that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the captioned matter. Merck further objects to this request as unduly burdensome to the extent it seeks documents or information otherwise available from LifeSpan, or any other party to the captioned matter. Merck objects to this request to the extent it seeks documents or things that are protected by the attorney-client privilege or the attorney work product immunity doctrine.

> **SPECIFIC REQUEST NO. 2**. Please produce copies of any communication with LifeSpan Biosciences Inc., or any third party relating to S1P2 Technology.

**Merck's Response to Specific Request No. 2:**

Merck objects to this request, including its use of the term "S1P2 Technology," as overly broad and not reasonably calculated to lead to the discovery of admissible evidence in the captioned matter. Merck objects to this request as seeking documents "related to S1P2 Technology" that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the captioned matter. Merck further objects to this request as unduly burdensome to the extent it seeks documents or information otherwise available from LifeSpan, or any other party to the captioned matter. Merck objects to this request to the extent it seeks documents or things that are protected by the attorney-client privilege or the attorney work product immunity doctrine.

> **SPECIFIC REQUEST NO. 3**. Please produce copies of all documents in your possession related to subscriptions with LifeSpan Biosciences, Inc. covering databases containing SIP2 Technology. This request includes, but is not limited to, the following:
>
> a) Contracts, agreements, and/or licenses with LifeSpan Biosciences, Inc, relating to such database subscriptions concerning "SIP2 Technology";
>
> b) Documents and things tracking the use of information from such LifeSpan databases concerning SIP2 Technology; and
>
> c) Representative documents relating to the use of the LifeSpan database subscription's SIP2 Technology for research and/or product development.

**Merck's Response to Specific Request No. 3:**

Merck objects to the terms "representative" and "tracking" as vague and ambiguous. Merck objects to this request, including its use of to the term "S1P2 Technology," as overly broad and not reasonably calculated to lead to the discovery of admissible evidence in the captioned matter. Merck objects to this request as seeking documents "related to subscriptions with LifeSpan Biosciences, Inc. covering databases containing to S1P2 Technology" that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the captioned matter. Merck further objects to this request as unduly burdensome to the extent it seeks documents or information otherwise available from LifeSpan, or any other party to the captioned matter. Merck objects to this request to the extent it seeks documents or things that are protected by the attorney-client privilege or the attorney work product immunity doctrine.

> **SPECIFIC REQUEST NO. 4.** Please produce all representative documents in your possession related to subscriptions with any third parties covering databases containing SIP2 Technology. This request includes, but is not limited to, the following:
>
> a) Contracts, agreements, and/or licenses with any third party, relating to such database subscriptions concerning "SIP2 Technology";
>
> b) Documents tracking the use of information from such third party's databases concerning SIP2 Technology; and
>
> c) Representative documents relating to the use of the LifeSpan database subscription's SIP2 Technology for research and/or product development.

**Merck's Response to Specific Request No. 4:**

Merck objects to the terms "representative" and "tracking" as vague and ambiguous. Merck objects to this request, including its use of the term "S1P2 Technology," as overly broad

and not reasonably calculated to lead to the discovery of admissible evidence in the captioned matter. Merck objects to this request as seeking documents "related to subscriptions with any third parties covering databases containing to S1P2 Technology" that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the captioned matter. Merck further objects to this request as unduly burdensome to the extent it seeks documents or information otherwise available from LifeSpan, or any other party to the captioned matter. Merck objects to this request to the extent it seeks documents or things that are protected by the attorney-client privilege or the attorney work product immunity doctrine.

Dated: April 11, 2008

Respectfully submitted,

By: ______________________

Raymond N. Nimrod
Jonathan Hill
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484

Gregory D. Bonifield
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
Telephone: 212 891-1600
Facsimile: 212 891-1699

Attorneys for MERCK & CO., INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2008, a true and correct copy of the foregoing **MERCK'S OBJECTIONS TO PSN'S RULE 45 SUBPOENA FOR DOCUMENTS** was caused to be served via email and overnight courier upon the following counsel:

Robert L. Dawidiuk, Esq.
THE COLLINS LAW FIRM
1770 N. Park Street, Suite 200
Naperville, Illinois 60563
Counsel for PSN ILLINOIS, LLC

One of the Attorneys for
MERCK & CO., INC.

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

PSN ILLINOIS, LLC
V.
ABCAM, INC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07 C 7190

TO: Merck & Co., Inc.
c/o CT Corporation System, Registered Agent
208 South LaSalle St., Suite 814
Chicago, IL 60604

☑ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Jenner & Block, 330 N. Wabash Avenue, Chicago, IL 60611 (312) 222-2008 | 5/6/2008 9:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| MP Mazza, Plaintiffs Attorney | 5/2/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael P. Mazza, 686 Crescent Blvd., Glen Ellyn, IL 60137-4281 (630) 858-5071

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.