# Affidavit of Process Server

| PSW Illinois, LLC | vs | Abcam, Inc et al. | 07 C 7190 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE # |

Being duly sworn, on my oath, I **Aaron Willoughby**
declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:** I served **Merck & Co., Inc**
NAME OF PERSON/ENTITY BEING SERVED

with the (documents) ☐ Subpoena with $ ____ witness fee and mileage
☒ Deposition Notice

by serving (NAME) **Dawn Schultz CT Corporation Reg Agent Authorized to Accept Service**
at ☐ Home ____
☒ Business **208 South LaSalle St Chicago IL**
@ on (DATE) **5-2-08**         at (TIME) **1:05 PM**

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE) ____
from (CITY) ____ (STATE) ____

**Manner of Service:**
☐ By Personal Service.
☒ By leaving, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof,
namely **Dawn Schultz**
☐ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers,
namely ____
☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):
☐ Unknown at Address     ☐ Evading                         ☐ Other: ____
☐ Address Does Not Exist  ☐ Service Cancelled by Litigant
☐ Moved, Left no Forwarding ☐ Unable to Serve in a Timely Fashion

**Service Attempts:** Service was attempted on: ( ) _____, ( ) _____, ( ) _____
                                                    DATE TIME       DATE TIME       DATE TIME
( ) _____, ( ) _____, ( ) _____
   DATE TIME       DATE TIME       DATE TIME

**Description:**
☐ Male       ☒ White Skin   ☐ Black Hair    ☐ White Hair   ☐ 14-20 Yrs.   ☐ Under 5'      ☐ Under 100 Lbs.
☒ Female     ☐ Black Skin   ☒ Brown Hair    ☐ Balding      ☐ 21-35 Yrs.   ☐ 5'0"-5'3"     ☐ 100-130 Lbs.
             ☐ Yellow Skin  ☐ Blond Hair    ☐ Mustache     ☐ 36-50 Yrs.   ☒ 5'4"-5'8"     ☒ 131-160 Lbs.
             ☐ Brown Skin   ☐ Gray Hair     ☐ Beard        ☒ 51-65 Yrs.   ☐ 5'9"-6'0"     ☐ 161-200 Lbs.
☐ Glasses    ☐ Red Skin     ☐ Red Hair                     ☐ Over 65 Yrs. ☐ Over 6'       ☐ Over 200 Lbs.

OTHER IDENTIFYING FEATURES: ____

State of Illinois   County of Cook

SERVED BY
LASALLE PROCESS SERVERS

Subscribed and sworn to before me,
a notary public, this ___ day of _May_ , 20 08

NOTARY PUBLIC

OFFICIAL SEAL
ANDREW RAPHAEL
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-17-2011

NAPPS
CHARTER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

PLAINTIFF'S EXHIBIT D

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRCT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PSN ILLINOIS, LLC, an Illinois corporation, | ) ) ) | Case No. 07 C 7190 |
| Plaintiff, | ) ) ) | Judge Hibbler |
| vs. | ) ) ) | Magistrate Judge Valdez |
| Abcam, Inc.; Abgent, Inc.; Affinity Bioreagents, Inc.; Discoverx Corporation; Exalpha Biologicals, Inc.; ABR, Inc.; LifeSpan Biosciences, Inc.; and Novus Biologicals, Inc. | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PSN ILLINOIS' RULE 30(b)(6) <u>DEPOSITION NOTICE OF MERCK & CO., INC.</u>

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff PSN Illinois, LLC ("PSN") shall take the deposition upon oral examination of Merck & Co., Inc. ("Merck"), beginning at 9:00 a.m., on Tuesday, May 6, 2008, at Jenner & Block, 330 N. Wabash Avenue, Chicago, Illinois 60611 (Tel: 312-222-9350), or at another time and place decided by the parties, and continuing from day-to-day until completed. The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and testimony. The deposition will be recorded by stenographic means, and may be recorded by videotape. Some or all of the deposition may involve real-time computer connection between the deposition-taker and stenographer using software such as "LiveNotes." You are invited to attend and cross-examine.

1

Pursuant to Rule 30(b)(6), Fed.R.Civ.P., Merck shall designate and provide one or more officers, directors, agents, or other persons who consent to testify on its behalf, who are most knowledgeable on the matters set forth below.

Seven (7) business days prior to the deposition, Merck is requested to identify each deponent who will testify, the corresponding matter(s) or portions thereof, by number, on which each deponent will testify, and to identify all documents and things to be relied upon in giving the testimony sought. Within this same time, and to the extent it has not already done so, Merck is also requested to provide a privilege log bearing information sufficient to test the privilege determination.

FOR PSN ILLINOIS, LLC

s/Michael P. Mazza/
Michael P. Mazza (IL Bar No. 6201609)
Dana Drexler (IL Bar No. 6291515)
Michael P. Mazza, LLC
686 Crescent Blvd.,
Glen Ellyn, IL 60139
P: 630-858-5071
E-Mail: mazza@mazzallc.com

Shawn M. Collins (IL Bar No. 6195107)
Robert Dawidiuk (IL Bar. No. 6282717)
The Collins Law Firm
1770 N. Park Street, Suite 200
Naperville, IL 60563
P: 630-527-1595
E-Mail: smc@collinslaw.com

**RULE 30(b)(6), FED.R.CIV.P., DEPOSITION TOPICS**

1. Merck's document production in response to the attached subpoena (Exhibit A, "the Subpoena"), including the procedures implemented to search for responsive documents, the persons, locations and objects queried for responsive documents, and its document destruction policy.

2. The status of any research and/or development and/or commercialization activities conducted by Merck or its agents concerning any materials or drugs using or derived from "S1P2 Technology" as that term is defined in the Subpoena, particularly in light of the correspondence between inventor MacLennan and Merck as detailed in attached Exhibit B.

3. Any contracts, licenses or other agreements Merck or its agents have entered into, including with party LifeSpan, concerning S1P2 Technology or materials or drugs using or derived therefrom.

4. The bases for any attorney opinions provided to Merck concerning either of the patents-in-suit, including but not limited to any factual or legal basis communicated by Merck or its agents to those contributing to such opinions.

 **Printable Version**                                                                                      Flag this message.

**From:** "Mike Mazza" <mazza@mazzallc.com> **[Save Address] [Block Sender] [Report Spam]**
**To:** jhill@jenner.com
**CC:** smc@collinslaw.com, rdawidiuk@collinslaw.com, dana@mazzallc.com
**Subject:** PSN Illinois v. Abcam et al.
**Date:** Wednesday, April 23, 2008 7:09:01 PM

Show Full Headers

[Move] INBOX  [Delete]                                                                                 [Back To [SENT]]

[Reply] [Reply All] [Forward]  As Attachment                                                    Previous | Next

Jonathan:

    Thanks for taking the time to discuss Merck's April 11, 2008 subpoena response with me this afternoon. We look forward to having a more complete Local Rule 12(k) discovery conference this Friday, at which time your associates can join us that are apparently more knowledgeable regarding whatever efforts Merck and its counsel have taken to comply with PSN's subpoena.

    As I mentioned during our discussion, here is the 6/16/06 letter the inventor, John MacLennan, and his patent attorney sent to Merck, indicating that Merck was then involved in R&D activities concerning the S1P2 technology, and listing various Merck publications showing same. In addition, LifeSpan has indicated that Merck personnel were involved in 8 separate sessions accessing the relevant LifeSpan database concerning the S1P2 technology at issue. LifeSpan's information indicates that a Merck "tech" identified as "Anthony Starks" of 126 Lincoln Avenue in New Jersey was involved in one or more of these sessions.

    During our conversation, I advised that the information we seek from
Merck through subpoena is necessary and highly relevant to determining the
quantum
of a reasonable royalty under the Georgia Pacific factors. For example, if a
LifeSpan
subscriber such as Merck has used the S1P2 receptor expression LifeSpan provided to
make and sell a drug in the US, or has taken substantial steps down this path, this could
have a substantial impact on the royalty rate which a judge or jury may compute in our case.

    We trust that this information is sufficiently specific and will enable Merck
to identify the extent of its current use of the S1P2 technology. As I also mentioned, fact
discovery in this case ends September 2, 2008, so we must move forward diligently. We look
forward to our call on Friday to discuss this matter further.

Thanks, Mike Mazza

Michael P. Mazza, LLC
686 Crescent Blvd.
Glen Ellyn, IL 60137-4281
Telephone: 630-858-5071
Fax: 630-282-7123
Email: mazza@mazzallc.com

6_16_06_Merck_Letter.pdf [~936K]

[Reply] [Reply All] [Forward]  As Attachment


PLAINTIFF'S EXHIBIT E

http://mail.mazzallc.com/scripts/mail/read.mail?folder=SENT&order=Newest&mview=a&...    4/23/2008



**Printable Version**                                                                 Flag this message.

**From:** "Mike Mazza" <mazza@mazzallc.com>  **[Save Address] [Block Sender] [Report Spam]**
**To:** jhill@jenner.com
**CC:** rnimrod@jenner.com, gbonifield@jenner.com, smc@collinslaw.com, rdawidiuk@collinslaw.com, dana@mazzallc.com, tMcCarthy@trexlaw.com
**Subject:** PSN Illinois LLC v LifeSpan Biosciences et al.
**Date:** Thursday, April 24, 2008 3:18:36 PM

Show Full Headers

[Move] INBOX · [Delete]                                                               [Back To [SENT]]
[Reply] [Reply All] [Forward] As Attachment ·                                         Previous | Next

Jonathan: Here is a Rule 30(b)(6) deposition notice for Merck.  Please advise what time works tomorrow for you and Greg regarding our discovery conference call.  Thanks, Mike Mazza (630-858-5071)

Merck_30b6_Dep_Notice.pdf [~1957K]

[Reply] [Reply All] [Forward] As Attachment ·                                         Previous | Next
[Move] INBOX · [Delete]                                                               [Back To [SENT]]



## Michael Mazza

**From:** Michael Mazza
**Sent:** Monday, April 28, 2008 3:25 PM
**To:** 'jhill@jenner.com'
**Cc:** 'rdawidiuk@collinslaw.com'; Dana Drexler
**Subject:** PSN Illinois v. LifeSpan et al.

Jonathan: Please advise as to the status of our discovery conference call. Thanks, Mike Mazza

Michael P. Mazza, LLC
686 Crescent Blvd.
Glen Ellyn, IL 60137-4281
Tel: (630) 858-5071
Fax: (630) 282-7123
Email: Mazza@mazzallc.com
Website: www.mazzalawfirm.com

## Michael Mazza

**From:** Michael Mazza [mazza@mazzallc.com]
**Sent:** Tuesday, April 29, 2008 11:34 AM
**To:** 'tmccarthy@trexlaw.com'
**Subject:** FW: PSN Illinois v. LifeSpan et al.

Tim: FYI, Mike

---

**From:** Hill, Jonathan [mailto:JHill@jenner.com]
**Sent:** Tuesday, April 29, 2008 10:23 AM
**To:** Michael Mazza
**Cc:** Bonifield, Gregory D
**Subject:** RE: PSN Illinois v. LifeSpan et al.

Mike,

We're following up with the client on the basis of new information you gave us, including the information about Mr. Starks. We hope to have our follow-up completed this week and expect to be able to apprise you of our status by the end of this week.

Jonathan

**Jonathan Hill**
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 923-8318
Fax (312) 923-8418
JHill@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Michael Mazza [mailto:Mazza@mazzallc.com]
**Sent:** Monday, April 28, 2008 3:25 PM
**To:** Hill, Jonathan
**Cc:** rdawidiuk@collinslaw.com; Dana Drexler
**Subject:** PSN Illinois v. LifeSpan et al.

Jonathan: Please advise as to the status of our discovery conference call. Thanks, Mike Mazza

Michael P. Mazza, LLC
686 Crescent Blvd.
Glen Ellyn, IL 60137-4281

4/29/2008

## Michael Mazza

**From:** Michael Mazza [mazza@mazzallc.com]
**Sent:** Thursday, May 01, 2008 7:44 AM
**To:** 'jhill@jenner.com'
**Cc:** 'smc@collinslaw.com'; 'rdawidiuk@collinslaw.com'; Dana Drexler; 'gbonifield@jenner.com'
**Subject:** PSN v LifeSpan et al

Jonathan:

      In addition to the Merck S1P2-related publications previously sent, here are examples of Merck patents or applications which relate to S1P2 and Merck's attempts to characterize drug compounds related thereto: WO/2005/058848; WO/2003/061567; WO/2004/103279; WO/2006/047195 and WO/2005/032465. It would appear that discussions with the authors of these publications and inventors of these patents would bear fruit, in terms of answering the outstanding subpoena and preparing for the Rule 30(b)(6) deposition noticed for Tuesday, May 6, 2008. As to the deposition, because we have not heard from you, we assume that is a good date, and have made arrangements with the court reporter to arrive at your offices on that date at 9am. Please do not hesitate to contact me with any questions.

Thanks,

Mike Mazza

Michael P. Mazza, LLC
686 Crescent Blvd.
Glen Ellyn, IL 60137-4281
Tel: (630) 858-5071
Fax: (630) 282-7123
Email: Mazza@mazzallc.com
Website: www.mazzalawfirm.com

5/1/2008

## Michael Mazza

**From:** Michael Mazza [mazza@mazzallc.com]
**Sent:** Friday, May 02, 2008 10:36 AM
**To:** 'jhill@jenner.com'
**Cc:** Dana Drexler; 'smc@collinslaw.com'; 'gbonifield@jenner.com'
**Subject:** FW: PSN v LifeSpan et al

Jonathan:

    We assumed you were agreeing to accept service of the deposition, since you indicated you represent Merck, and had received the subpoena. In any event, the document subpoena was properly served, and documents were due March 28, yet we have received nothing. Since you have refused to return my phone calls, you apparently intend to leave us no choice but to move to compel Merck's compliance with the subpoena and deposition notice.

    To forestall any motion, we respectfully request a phone call today to discuss these matters.

Thanks, Mike Mazza

---

**From:** Hill, Jonathan [mailto:JHill@jenner.com]
**Sent:** Friday, May 02, 2008 8:59 AM
**To:** Michael Mazza
**Cc:** smc@collinslaw.com; rdawidiuk@collinslaw.com; Dana Drexler; Bonifield, Gregory D
**Subject:** RE: PSN v LifeSpan et al

Mike,

Thank you for bringing the patent references to our attention.

In regards to the 30(b)(6) deposition, we will not be providing a 30(b)(6) deponent on May 6, 2008, and we will provide you with our objections to the 30(b)(6) deposition notice in due course. In further regards to that deposition notice, we note that we are unaware of any Rule 45 subpoena having been served on Merck with respect to the deposition, which subpoena is, of course, a necessary predicate to pursuing a deposition with a non-party such as Merck. If such a subpoena has in fact been served, I ask for the courtesy of an executed copy confirming that Merck was in fact served.

Thank you,

Jonathan

---

**Jonathan Hill**
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 923-8318
Fax (312) 923-8418
JHill@jenner.com
www.jenner.com

5/2/2008

## Michael Mazza

| | |
|---|---|
| **From:** | Michael Mazza [mazza@mazzallc.com] |
| **Sent:** | Friday, May 02, 2008 12:48 PM |
| **To:** | 'jhill@jenner.com' |
| **Cc:** | 'smc@collinslaw.com'; 'Robert Dawidiuk'; 'gbonifield@jenner.com'; Dana Drexler |
| **Subject:** | FW: PSN v LifeSpan et al |
| **Attachments:** | Merck 30b6 Dep Notice (w sub).pdf |

Jonathan: We understand that the attached deposition subpoena and Rule 30(b)(6) deposition notice is being served on Merck today. Thanks, Mike Mazza

---

**From:** Michael Mazza [mailto:mazza@mazzallc.com]
**Sent:** Friday, May 02, 2008 10:36 AM
**To:** 'jhill@jenner.com'
**Cc:** Dana Drexler; 'smc@collinslaw.com'; 'gbonifield@jenner.com'
**Subject:** FW: PSN v LifeSpan et al

Jonathan:

We assumed you were agreeing to accept service of the deposition, since you indicated you represent Merck, and had received the subpoena. In any event, the document subpoena was properly served, and documents were due March 28, yet we have received nothing. Since you have refused to return my phone calls, you apparently intend to leave us no choice but to move to compel Merck's compliance with the subpoena and deposition notice.

To forestall any motion, we respectfully request a phone call today to discuss these matters.

Thanks, Mike Mazza

---

**From:** Hill, Jonathan [mailto:JHill@jenner.com]
**Sent:** Friday, May 02, 2008 8:59 AM
**To:** Michael Mazza
**Cc:** smc@collinslaw.com; rdawidiuk@collinslaw.com; Dana Drexler; Bonifield, Gregory D
**Subject:** RE: PSN v LifeSpan et al

Mike,

Thank you for bringing the patent references to our attention.

In regards to the 30(b)(6) deposition, we will not be providing a 30(b)(6) deponent on May 6, 2008, and we will provide you with our objections to the 30(b)(6) deposition notice in due course. In further regards to that deposition notice, we note that we are unaware of any Rule 45 subpoena having been served on Merck with respect to the deposition, which subpoena is, of course, a necessary predicate to pursuing a deposition with a non-party such as Merck. If such a subpoena has in fact been served, I ask for the courtesy of an executed copy confirming that Merck was in fact served.

Thank you,

Jonathan

5/2/2008

Gary J. Hom, Ph.D.
Director
Scientific Liaison
External Scientific Affairs



Merck & Co., Inc.
RY70-200
P.O. Box 2000
126 East Lincoln Avenue
Rahway NJ 07065-0900
Tel 732 594 3873
Fax 732 594 3830
Email: gary_hom@merck.com



**MERCK**
Research Laboratories

August 1, 2006

Mr. Jeff Lloyd
Partner,
Saliwanchik, Lloyd & Saliwanchik
3107 S.W. Williston Rd.
Gainsville, FL 32608



RECEIVED AUG - 4 2006 UPS

Dear Mr. Lloyd:

Your letter of 16 June 2006 regarding patents on the expression of sphingosine-1-phosphate (S1P) receptors was forwarded to my office. I am the Scientific Liaison responsible for coordinating the scientific assessment of licensing opportunities in this area.

We thank you for your letter and offer for an exclusive license to the patents. The offer has been reviewed and at this time we do not believe that a license as you describe would be necessary.

Sincerely,

Gary Hom



PLAINTIFF'S EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PSN Illinois, LLC,<br>an Illinois Corporation<br>        Plaintiff,<br><br>        v.<br><br>Abcam, Inc.; Abgent;<br>Affinity Bioreagents, Inc.;<br>Exalpha Biologicals, Inc.;<br>DiscoveRx Corporation;<br>Genetex, Inc.; LifeSpan<br>Biosciences, Inc.; Multispan,<br>Inc.; and Novus Biologicals, Inc.,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 07-CV- 7190<br>)<br>)<br>) Judge William J. Hibbler<br>)<br>)<br>) Magistrate Judge Maria Valdez<br>)<br>)<br>)<br>) |

## **ORDER**

On the motion of the Plaintiff, PSN Illinois, LLC, notice having been given and the Court being fully advised in the premises, it his hereby

ORDERED, that the Defendant, Merck, is compelled to provide the discovery requested in PSN's Rule 30(b)(6) deposition notice and document subpoena within seven (7) days.


SIGNED AND ENTERED this _____ day of _____, 2008.


                                                                        The Honorable William J. Hibbler
                                                                        United States District Judge


PLAINTIFF'S EXHIBIT 6