IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PSN Illinois, LLC,<br>an Illinois Corporation,<br>            Plaintiff,<br><br>    v.<br><br>Abcam, Inc., *et. al.*,<br>            Defendants. | Case No. 07-CV- 7190<br><br>Judge William J. Hibbler<br>Magistrate Judge Maria Valdez |

**PLAINTIFF PSN'S RESPONSE TO
MERCK'S OPPOSITION TO PSN'S MOTION TO COMPEL**

**I.      INTRODUCTION**

PSN has concerns regarding the conclusory declaration Merck provided in support of its Opposition to PSN's Motion to Compel. PSN shared these concerns with Merck, including that Merck may have: (1) offered an S1P2-related invention for sale, but failed to consummate the sale; (2) developed an S1P2-related invention in the United States, but sold it outside the United States, or vice-versa, under circumstances which might trigger United States infringement; (3) developed products such that commercialization is reasonably imminent, under circumstances where judicial resources will be wasted by not permitting discovery; or (4) used S1P technology in basic research or screening, or other aspects of drug development (see Exhibit 1 at 3, M. Mazza email to J. Hill, 5-20-08. 4:37pm; *id.*, at 1, D. Drexler email to J. Hill, 5:07pm). Under these circumstances, PSN believes a 2-hour deposition of Merck's declarant is both reasonable and appropriate.[1]

---

[1]     Merck advised that it would agreed to consider providing a supplemental declaration of Dr. Mandala by Tuesday, May 27, 2008 as to some of these issues (Exhibit

## II. PSN SHOULD BE PERMITTED TO DEPOSE DR. MANDALA TO EVALUATE THE VERACITY OF HER DECLARATION

If the supplemental declaration is not satisfactory, PSN should be permitted to depose Merck's declarant, Dr. Mandala. Merck opposes PSN's motion based primarily on an assertion of Dr. Mandala, a Director of Immunology at Merck who says that she has personal knowledge of the S1P receptor research and development work conducted there (see Merck's Opposition at 2 and Exhibit 1), and that Merck has commercialized no products developed through the use of S1P2 receptors. Dr. Mandala's declaration is very brief on the subject. Her statements regarding Merck's commercial success and commercialization of products relating thereto are conclusory, and give no details about what Merck has done with PSN's patented technology – although it is obvious from Merck's publications that it has done extensive development concerning this technology. Pursuant to Fed. R. Civ. P. 30(b)(6), PSN believes that it is relevant and reasonable to take Dr. Mandala's deposition to probe the basis and veracity of her declaration.

The veracity of Dr. Mandala's statements is directly relevant to the question of whether or not discovery from Merck is appropriate. Because Merck attempts to use the statements to absolve Merck from producing anything to PSN and participating in this case, there is a chance that the conclusory statements are biased and unreliable. PSN

---

1 at 2-3, 11:15am). PSN's counsel will advise the Court upon receipt of same whether it believes the supplemental declaration of Dr. Mandala is a satisfactory response to its concerns, or whether PSN believes a 2-hour deposition is still appropriate. If the supplemental declaration is deemed sufficient, PSN will withdraw its motion, subject to potential later renewal if it is determined that Merck has additional responsive documents.

2 of 5

*PSN, Illinois, LLC v. Abcam, et. al.*: Case No. 1:07-cv-07190
PSN's Response to Merck's Opposition to PSN's Motion to Compel

would like to depose Dr. Mandala in reference to her conclusions to provide some supporting details. PSN's concerns have been enumerated above (see Section I.).

Moreover, PSN's request is reasonable under the circumstances. PSN requests only a two (2) hour deposition of Dr. Mandala. As the reliability of Merck's opposition in this matter hinges on the fact that Merck has not commercialized any product developed through S1P technology, PSN should be permitted to depose Dr. Mandala's regarding the basis for her statements. Any Merck confidential information may be protected by the Protective Order entered in this case. Should PSN find no objection to her veracity in her deposition testimony, PSN will withdraw its motion to compel discovery from Merck.

### III. IF PSN WITHDRAWS ITS MOTION TO COMPEL, IT MAY RENEW THE MOTION AFTER RECEIVING DISCOVERY FROM LIFESPAN

Production of discovery documents by LifeSpan is due June 1, 2008. It may be determined upon evaluation thereof, that Merck has additional responsive documents that should be produced to PSN. If this is so, PSN will renew its motion to compel discovery from Merck.

### IV. CONCLUSION

PSN agrees to withdraw its motion, provided that Merck provides a satisfactory supplemental declaration from Dr. Mandala, or provided that PSN is permitted to depose Dr. Mandala for at least two hours, and her deposition testimony squares with her declarant testimony. Also, PSN may renew its motion to compel after LifeSpan has produced documents should it be determined that Merck possesses additional responsive documents.

                                              FOR PSN ILLINOIS, LLC

Date: May 22, 2008

s/Michael P. Mazza/
Michael P. Mazza (IL Bar No. 6201609)
Dana L. Drexler (IL Bar No. 6291515)
Michael P. Mazza, LLC
686 Crescent Blvd.,
Glen Ellyn, IL 60139
P: 630-858-5071
E-Mail: mazza@mazzallc.com

Shawn M. Collins (IL Bar No. 6195107)
Robert L. Dawidiuk (IL Bar. No. 6282717)
The Collins Law Firm
1770 N. Park Street, Suite 200
Naperville, IL 60563
P: 630-527-1595
E-Mail: smc@collinslaw.com

4 of 5

*PSN, Illinois, LLC v. Abcam, et. al.*: Case No. 1:07-cv-07190
PSN's Response to Merck's Opposition to PSN's Motion to Compel

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served on this 22nd day of May, 2008 by E-Mail in PDF format upon the following counsel of record:

Timothy M. McCarthy
Trexler, Buschnell, Giangiorgi, Blackstone & Marr, Ltd.
The Clark Adams Building
105 West Adams Street, Suite 3600
Chicago, Illinois 60603-6210
Tel: (312) 704-1890

Attorneys for LifeSpan Biosciences, Inc.

Raymond N. Nimrod (rnimrod@jenner.com)
Jonathan Hill (jhill@jenner.com)
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611
Tel: (312) 222-9350

Gregory D. Bonifield (gbonifield@jenner.com)
Jenner & Block LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 891-1600

Attorneys for Merck & Co., Inc.

_____s/Michael P. Mazza/_____
One of the attorneys for PSN Illinois, LLC

5 of 5

*PSN, Illinois, LLC v. Abcam, et. al.*: Case No. 1:07-cv-07190
PSN's Response to Merck's Opposition to PSN's Motion to Compel

# EXHIBIT 1

## Dana Drexler

**From:** Dana Drexler
**Sent:** Thursday, May 22, 2008 5:07 PM
**To:** 'Hill, Jonathan'
**Cc:** Michael Mazza
**Subject:** RE: PSN v LifeSpan

Jonathan,

To clarify my last email, we want to makes sure that Merck is not using the S1P technology (i.e. any technology within the S1P family, including S1P1, S1P2, S1P3, etc.) in its basic research or screening, or any other aspects of drug development, as regards to commercialization or imminent commercialization. We assume that there will be no problem in the declarant addressing this in her supplemental declaration.

Thanks,
Dana

**Dana L. Drexler**
Michael P. Mazza, LLC
686 Crescent Blvd.
Glen Ellyn, IL 60637
p: 630.858.5071
f: 630.858.0373
e: dana@mazzallc.com
www.mazzalawfirm.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender by reply email and destroy all copies of the original message.

---

**From:** Dana Drexler
**Sent:** Thursday, May 22, 2008 1:58 PM
**To:** 'Hill, Jonathan'
**Cc:** Michael Mazza
**Subject:** RE: PSN v LifeSpan

Dear Jonathan,

Just to be clear we also want to makes sure that Merck is not using the S1P2 technology in its basic research or screening, or any other aspects of drug development, as regards to commercialization or imminent commercialization. I assume that there will be no problem in the declarant addressing this in her supplemental declaration.

Mike has been out of the office since yesterday, and will be returning later this evening if you have any questions.

Thanks,
Dana

**Dana L. Drexler**
Michael P. Mazza, LLC
686 Crescent Blvd.
Glen Ellyn, IL 60637
p: 630.858.5071
f: 630.858.0373
e: dana@mazzallc.com

## Dana Drexler

**From:** Dana Drexler
**Sent:** Thursday, May 22, 2008 1:58 PM
**To:** 'Hill, Jonathan'
**Cc:** Michael Mazza
**Subject:** RE: PSN v LifeSpan

Dear Jonathan,

Just to be clear we also want to makes sure that Merck is not using the S1P2 technology in its basic research or screening, or any other aspects of drug development, as regards to commercialization or imminent commercialization. I assume that there will be no problem in the declarant addressing this in her supplemental declaration.

Mike has been out of the office since yesterday, and will be returning later this evening if you have any questions.

Thanks,
Dana

**Dana L. Drexler**
Michael P. Mazza, LLC
686 Crescent Blvd.
Glen Ellyn, IL 60637
p: 630.858.5071
f: 630.858.0373
e: dana@mazzallc.com
www.mazzalawfirm.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender by reply email and destroy all copies of the original message.

---

**From:** Hill, Jonathan [mailto:JHill@jenner.com]
**Sent:** Thursday, May 22, 2008 1:31 PM
**To:** Dana Drexler
**Cc:** Michael Mazza
**Subject:** FW: PSN v LifeSpan

Dana,
We do not oppose your request for a one-day extension of time in which to file your reply brief.
Thanks,
Jonathan

---

**From:** Hill, Jonathan
**Sent:** Thursday, May 22, 2008 11:15 AM
**To:** Michael Mazza
**Cc:** Dana Drexler
**Subject:** RE: PSN v LifeSpan

Mike,
In view of the three points you identified below (offer for sale of S1P2-related products, foreign sales of S1P2-related products and/or imminent commercialization of S1P2-related products ), we plan to provide you with a supplemental declaration from Dr. Mandala that should put to rest any issue whether Merck has commercialized any product developed using S1P2 technology. We do not believe a deposition is necessary or appropriate to address the commercial success issue

5/22/2008

where, as here, there is no basis to believe Merck has commercialized any such product. We expect to provide the supplemental declaration later today, or perhaps tomorrow.
Thanks,
Jonathan

---

**From:** Michael Mazza [mailto:Mazza@mazzallc.com]
**Sent:** Tuesday, May 20, 2008 4:37 PM
**To:** Hill, Jonathan
**Cc:** Shawn M. Collins; Robert Dawidiuk; Dana Drexler
**Subject:** RE: PSN v LifeSpan

Jonathan: We wish to verify the declarant's conclusion that no commercialization occurred. The declarant stated that, but failed to provide any supporting details. I cannot be clearer than that. Did Merck offer an S1P2-related invention for sale, for example, but failed to consummate the sale? Did Merck develop an S1P2-related invention in the US, and then sell it outside the US, under circumstances which might engender a US-based infringement claim, as clarified recently by US Supreme Court and Federal Circuit caselaw? Is commercialization reasonably imminent, such that judicial resources will be wasted by not permitting discovery on it? There are other issues that will likely come up in the deposition, and we need not give you a roadmap into every question we intend to ask. 2 hours is a reasonable time limit, and we are entitled to probe the declarant's "no commercialization" conclusion because she has provided no factual support for it. Thanks, Mike

---

**From:** Hill, Jonathan [mailto:JHill@jenner.com]
**Sent:** Tuesday, May 20, 2008 4:30 PM
**To:** Michael Mazza
**Subject:** RE: PSN v LifeSpan

Mike,
Please clarify in writing what it is you seek to probe by way of a deposition. As the discovery sought by PSN is predicated on commercial success, and Merck has not commercialized any product developed through any use of S1P2 technology, we are concerned that a deposition might be used as a means to probe non-commercial activities, such as confidential research and development that never led to any sort of commercial product. It seems to us that the lack of commercialization should end the matter, and that Merck should not be burdened with a deposition. However, if you would please identify the subject matters about which you wish to ask questions (or otherwise provide some additional detail on the areas of the inquiry you propose), we will further consider your request with our client.
Thank you,
Jonathan


**Jonathan Hill**
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 923-8318
Fax (312) 923-8418
JHill@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Michael Mazza [mailto:Mazza@mazzallc.com]
**Sent:** Saturday, May 17, 2008 6:56 AM
**To:** Hill, Jonathan
**Cc:** Nimrod, Raymond N; Shawn M. Collins; Robert Dawidiuk; Dana Drexler

5/22/2008